1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   DANA ALDEN FOX, SB# 119761
2     E-Mail: Dana.Fox@lewisbrisbois.com
   MATTHEW P. HARRISON, SB# 222073
3     E-Mail: Matthew.Harrison@lewisbrisbois.com
   DAWN M. FLORES-OSTER, SB# 155722
4     E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendants,
   County of San Bernardino, erroneously sued
8  and served as San Bernardino County, a
   municipality and San Bernardino Sheriff's
9  Department, a municipality and Lt. K. Ferber, Sgt.
   M. Landavazo, Deputy J. Fisk and F. Harris

10

11              UNITED STATES DISTRICT COURT

12        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KELLY LORENZ and ALYKHAN POPAT,<br><br>Plaintiffs,<br><br>vs.<br><br>SUPERIOR COURT OF SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY, a municipality; SAN BERNARDINO SHERIFF'S DEPARTMENT, a municipality; K. FERBER, an individual; M. LANDAVAZO, an individual; J. FISK, an individual; F. HARRIS, an individual, and DOES 1 to 51, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00143<br><br>**DEFENDANTS' COUNTY OF SAN BERNARDINO, ERRONEOUSLY SUED AND SERVED AS SAN BERNARDINO COUNTY, A MUNICIPALITY AND SAN BERNARDINO SHERIFF'S DEPARTMENT, A MUNICIPALITY AND LT. K. FERBER, SGT. M. LANDAVAZO, DEPUTY J. FISK AND F. HARRIS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1441 AND 1446 (FEDERAL QUESTION JURISDICTION)**<br><br>[Filed concurrently with Civil Cover Sheet; Certification and Notice of Interested Parties; Declarations of Dawn M. Flores-Oster and Matthew P. Harrison; Request for Judicial Notice and; Compendium of Exhibits in Support of Notice of Removal]<br><br>Trial Date:       None Set |

4857-8195-8666.1

NOTICE OF REMOVAL TO THE USDC FOR THE CENTRAL DISTRICT OF CALIFORNIA

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants County of San Bernardino, erroneously sued and served as County of San Bernardino, erroneously sued and served as San Bernardino County, a municipality and San Bernardino Sheriff's Department, a municipality and Lt. K. Ferber, Sgt. M. Landavazo, Deputy J. Fisk and F. Harris ("Defendants"), by their counsel Lewis Brisbois Bisgaard & Smith, LLP, hereby remove to this Court, pursuant to 28 U.S.C. sections 1343, 1441, and 1446, and Federal Rules of Civil Procedure, Rule 81(c)(2)(C) the claims pending as Case No. CIVSB2126780 of the Superior Court of California, County of San Bernardino (San Bernardino Justice Center Courthouse).

In support of this removal, Defendants state as follows:

## THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of San Bernardino by Plaintiffs Kelly Lorenz and Alykhan Popat against Defendants County of San Bernardino, erroneously sued and served as the County of San Bernardino, erroneously sued and served as San Bernardino County, a municipality and San Bernardino Sheriff's Department, a municipality and Lt. K. Ferber, Sgt. M. Landavazo, Deputy J. Fisk and F. Harris, amongst others, entitled *Kelly Lorenz and Alykhan Popat v. Superior Court of California for San Bernardino County, San Bernardino County, a municipality; San Bernardino County Sheriff's Department, a municipality; K. Ferber, an individual; M. Landavazo, J. Fisk, an individual; F. Harris, an individual; and DOES 1 through 51* Case No. CIVSB2126780 (the "State Action"). The arguments raised in this Removal are for purposes of this Removal, only.

2. Plaintiffs filed the State Action on September 16, 2021, asserting Declaratory Relief, Injunctive Relief, Excessive Use of Force, Unreasonable Arrest and Seizure/ False Imprisonment (42 U.S.C. § 1983); First Amendment Rights

Violation- Freedom of Speech (California Constitution, Article 1, Section 2, (a) & 42 U.S.C. § 1983), Assault/Battery by Police Officer, Intentional Infliction of Emotional Distress (IIED), Negligence Negligent Infliction of Emotional Distress (NlED); Bane/Unruh Civil Rights Act (California Civil Code§ 52.1), Ralph Act (California Civil Code§ 51.7), and Deprivation of Civil Rights- Municipal and Supervisory Liability (42 U.S.C. § 1983) claims against Defendants premised on allegations of the deprivation of their constitutional rights under the First, Fourth and Fourteenth Amendments.

## PROCEDURAL REQUIREMENTS AND TIMELINESS OF REMOVAL

3. 28 U.S.C. section 1446(b)(2)(B) provides, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." See, also *Destfino v. Reiswig*, 630 F.3d 952, 955-56 (9th Cir. 2011); Federal Rules of Civil Procedure, Rule 81(c)(2)(C).

4. Defendants were served with a copy of the Complaint on December 27, 2021. (Declaration of Dawn M. Flores-Oster ("Flores-Oster Decl."), ¶¶ 3, 5-9.) This Notice of Removal is therefore timely filed as it is within "30 days after receipt by or service on … defendant of the initial pleading or summons."

5. Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders for the State Action in Defendants' possession are contained in Exhibits A-F appended to the Flores-Oster Decl.

6. Pursuant to 28 U.S.C. section 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending. (Flores-Oster Decl., ¶10.)

7. Pursuant to 28 U.S.C. section 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Bernardino promptly after filing of same in this Court. (Flores-Oster Decl., ¶11.)

///

8. Pursuant to 28 U.S.C. section 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court. (Flores-Oster Decl., ¶12.)

9. Defendants have not pled, answered, or otherwise appeared in the State Court Action. (Flores-Oster Decl., ¶13.)

10. On information and belief, as of the date of this notice of Removal, Defendant, the San Bernardino Superior Court was served by mail with copies of the Summons and Complaint. By and through counsel for Defendants, Mr. Matthew P. Harrison, Mr. Harrison spoke with Mr. Robert A. Naeve of Jones Day, counsel for defendant Superior Court of California, County of San Bernardino ("SBSC"), who indicated that SBSC would not oppose, and was in favor of removal of the state court Complaint. (Flores-Oster Decl., ¶14 and concurrently-filed Declaration of Matthew P. Harrison, passim.)

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

## **FEDERAL QUESTION JURISDICTION**

12. Any civil action brought in state court may be removed to federal court if the federal court has original or supplemental jurisdiction over the action. (28 U.S.C. § 1441(a).)

13. This Court has original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.) See, also, 28 U.S.C. 1343(a)(4).

///

14. The instant action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and which may be removed to this Court by Defendants under the provisions of 28 U.S.C. § 1441 (a) and (c). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

15. Generally, actions for violations of federal law are within federal question jurisdiction. *See e.g. Rains v. Criterion Sys.*, 80 F.3d 339, 343 (9th Cir. 1996) (identifying as one of three possible grounds for federal question jurisdiction "that federal law creates the cause of action [the plaintiff] asserted"); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-10 (1986) ("[t]he 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a 'suit arises under the law that creates the cause of action.'")

16. In the case at bar, the federal question presented on the face of Plaintiffs' pleading is the alleged violation of the United States Constitution, specifically, the First, Fourth and Fourteenth Amendments of the United States Constitution, as more fully set forth at ¶¶1, 27, 28, 49, 51, 64, 69, 78, 29, 80, 100, 113, 143, 144 and 147 of the Complaint. In addition, Plaintiffs assert claims premised on 42 U.S.C. §1983 at the Third, Fourth and Tenth Claims for Relief. Plaintiffs also assert a claim for declaratory and injunctive relief based, in part upon alleged violation of Plaintiffs' First Amendment rights. See, ¶¶ 56 and 64, inter alia. Although state claims, the Fifth, Sixth, Seventh, Eighth and Ninth Claims for relief are also premised on alleged constitutional violations. See, ¶¶85, 91, 107, 117-119, 121-125, 131, and 134.

///
///
///
///



## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

17. This Court has supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" pursuant to 28 U.S.C. § 1367(a).

18. In the case at bar, all of Plaintiffs' remaining state causes of action, namely, the First, Second, Fifth, Sixth, Seventh, Eighth and Ninth Claims for Relief that form the basis of the alleged 42 U.S.C. §1983 violations Plaintiffs assert in their Third, Fourth and Tenth Claims for Relief. arise out of the same set of facts and are part of the same case or controversy involving Plaintiffs' alleged constitutional violations under the First, Fourth and Fourteenth Amendments. In general Plaintiffs maintain that while protesting at the San Bernardino County courthouse Plaintiffs were deprived of and Defendants interfered with their constitutional rights as set forth in the First, Fourth and Fourteenth Amendments, in part because they were members of the Black Lives Matter movement. (Flores-Oster Decl., ¶ 15.)

19. In support of the First Claim for Relief for Declaratory Relief and the Second Claim for Relief for Injunctive Relief Plaintiffs premise their claim on ¶¶21-42 of the Complaint. In general, Plaintiffs allege they were exercising their right to engage in free speech while protesting at the San Bernardino courthouse when they were prevented from doing so as a result of the actions or inactions of the County and its deputies, specifically as a result of a General Order issued by the San Bernardino Superior Court. "On July 31, 2020, Plaintiffs participated in a non-violent protest outside of the San Bernardino Superior Court in downtown San Bernardino. They neither obstructed the Court's business, nor made threats to any of its personnel, or attempted to threaten or dissuade any witness, judge, prosecutor or juror from their lawful duties. In essence, Plaintiffs, and each of them, peacefully protested." Further, Plaintiffs allege that "On July 31, 2020, Plaintiffs and other protestors were told by Sherriff (sic) Department personnel that it is a criminal offense - a criminal violation

of a General Court order - to protest outside the courthouse. To date that court order is still operative, and, under information and belief, is still being enforced by the threat of criminal prosecution." Thus, the First and Second Claims for Relief arise out of the same case or controversy as the Third, Fourth and Tenth Claims for Relief brought under the auspices of 42 U.S.C. §1983. (Flores-Oster Decl., ¶ 16.)

20. Likewise, Plaintiffs' Fifth Claim for Relief for Assault and Battery by Law Enforcement Officer is generally predicated on the alleged violation of Plaintiffs' rights under the Fourth Amendment which were allegedly infringed because Plaintiffs were exercising their rights under the First Amendment. See, ¶85 of the Complaint, which refers the reader to the prior allegations in the Complaint pertaining to the First and Fourth Amendments. Thus, the Fifth Claim for Relief arises out of the same case or controversy as the Third, Fourth and Tenth Claims for Relief brought under the auspices of 42 U.S.C. §1983. (Flores-Oster Decl., ¶ 17.)

21. Plaintiffs' Sixth Claim for Relief for Intentional Infliction of Emotional Distress also rests on the same facts as the Third, Fourth and Tenth Claims for Relief. In support of her Sixth Claim for Relief, Plaintiffs reallege and incorporate by reference all of the prior allegations of the Complaint, at ¶ 91. In addition, at ¶¶ 94 and 95 of the Complaint, Plaintiffs contend: "SBSD Deputies, Defendants Fisk, Harris, and DOES 1-50 were all armed with deadly weapons on July 31, 2020 and acted in a militaristic manner in all of their dealings with Plaintiffs… While armed, Defendants Fisk, Harris, and DOES 1-50 used excessive force and the threat of excessive force against Plaintiffs in front of patron of the court and fellow Black Life's (sic) Matter members, and then arresting Plaintiffs, again, as witnessed by patron of the court and fellow Black Life's (sic) Matter members, intending to cause Lorenz and Popat emotional distress." Thus, the Sixth Claim for Relief arises out of the same case or controversy as the Third, Fourth and Tenth Claims for Relief brought under the auspices of 42 U.S.C. §1983. (Flores-Oster Decl., ¶ 18.)

///

22. Regarding the Seventh Claim for Relief for Negligence/Negligent Infliction of Emotional Distress, at ¶107 of the Complaint, Plaintiffs realleged and incorporated by reference the "allegations set forth in paragraphs 1 through 106, inclusive, above, as if set forth in full herein." At ¶108, Plaintiffs alleged that "Defendants Fisk, Harris, and DOES 1-50 owed Plaintiffs a duty of due care to conduct themselves reasonably, professionally, and within constitutional limitations. All acts were done under the orders of the Sheriff Department, Does 1-50, and Ferber, and for Landavazo." At ¶113, Plaintiffs allege "Defendants Fisk, Harris, and DOES 1-50 knew that Plaintiffs were particularly vulnerable to emotional distress being that Plaintiffs were assaulted, threatened and arrested in front of friends while simply exercising their Fisrt (sic) Amendment Right to the United States Constitution." Thus, the Seventh Claim for Relief arises out of the same case or controversy as the Third, Fourth and Tenth Claims for Relief brought under the auspices of 42 U.S.C. §1983. (Flores-Oster Decl., ¶ 19.)

23. Pertaining to the Eighth Claim for Relief for Violation of Bane/ Unruh Civil Rights Act (California Civil Code § 52.1), Plaintiffs refer, at ¶177 to all proceeding paragraphs to support the claim. At ¶118, Plaintiffs contend: "Plaintiffs have protections under California Civil Code Section 52.1 to be free from the deprivation of any rights, privileges, or immunities secured by the United States and California Constitutions and by any federal or California laws by any agency or individuals whether or not acting under the color of State law. These constitutional rights include, but are not limited to, inalienable rights (Article I, section 1), the Right to Free Speech and conduct peaceful protests, due process (Article I, section 7), freedom from unreasonable searches and seizures (Article I, section 13), and privacy." Thus, the Eighth Claim for Relief arises out of the same case or controversy as the Third, Fourth and Tenth Claims for Relief brought under the auspices of 42 U.S.C. §1983. (Flores-Oster Decl., ¶ 20.)

///

1  24. At the Ninth Claim for Relief for the alleged violation of the Ralph Act (California Civil Code §51.7), Plaintiffs incorporate by reference all of the prior paragraphs of the Complaint, at ¶131 of the Complaint. At ¶134, Plaintiffs alleged their "constitutional rights [were violated] by use of force and threats of force because of their actual or perceived membership in a protected group, the Inland Empire Chapter of Black Lives Matter." Thus, and as was the case with the other state claims for relief, the Ninth Claim for Relief arises out of the same case or controversy as the Third, Fourth and Tenth Claims for Relief brought under the auspices of 42 U.S.C. §1983. (Flores-Oster Decl., ¶ 21.)

25. Each of Plaintiffs' claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" and thus subject to this Court's supplemental jurisdiction.

26. Based on the foregoing, all requirements for federal question jurisdiction and removal jurisdiction have been met.

27. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

**PRIOR ORDER ISSUED BY JUDGE VIRGINIA PHILLIPS**

28. On March 27, 2015, in a Minute Order issued on March 27, 2015, dkt 33, from a case entitled *Mark Mante v. Marsha G. Slough, etc., et al.*, Case No. EDCV 14-02567-VAP (DTBx), by Judge Virginia Phillips which addressed a prior iteration of the General Order. (Flores-Oster Decl., ¶ 22.) The Minute Order is attached as Exhibit "G" to the Flores-Oster Decl.

///
///
///
///

# CONCLUSION

29. Consequently, the State Action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. section 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, and (ii) the action is premised on federal question jurisdiction and the Court may take supplemental jurisdiction of the state court claims since they arise out of the same case or controversy as the Third, Fourth and Tenth Claims for Relief brought under the auspices of 42 U.S.C. §1983.

DATED: January 25, 2022

DANA ALDEN FOX
MATTHEW P. HARRISON
DAWN M. FLORES-OSTER
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Dawn M. Flores-Oster_____
DAWN M. FLORES-OSTER
Attorneys for Defendants, County of San Bernardino, erroneously sued and served as San Bernardino County, a municipality and San Bernardino Sheriff's Department, a municipality and Lt. K. Ferber, Sgt. M. Landavazo, Deputy J. Fisk and F. Harris

