# EXHIBIT A

1  Peter B. Schlueter, State Bar No. 155880
   SCHLUETER LAW FIRM, PC
2  454 N. Arrowhead Avenue, 2nd Fl
   San Bernardino, California 92401
3  Telephone: 909.381.4888
   Facsimile: 909.381.9238
4  Email: schlueterlawoffice@yahoo.com

5  Attorney for Plaintiff Kelly Lorenz and Alykhan Popat

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 1 6 2021

BY _____
DEBRA PEDROSA, DEPUTY

COPY

8              **SUPERIOR COURT OF CALIFORNIA**

9        **COUNTY OF SAN BERNARDINO- CENTRAL DISTRICT**

| | |
|---|---|
| 10  **Kelly Lorenz, Alykhan Popat,** | Case No.: CIV SB 2 1 2 6 7 8 0 |
| 11 | **COMPLAINT FOR DAMAGES** |
|     **Plaintiffs,** | 1. Declaratory Relief |
| 12 | |
|     v. | 2. Injunctive Relief |
| 13 | |
|     **Superior Court of California for** | 3. Excessive Use of Force - |
| 14  **San Bernardino County,** | Unreasonable Arrest and Seizure/ False |
|     **San Bernardino County,** a | Imprisonment ( 42 U.S.C. § 1983); |
| 15  municipality; **San Bernardino** | |
|     **County Sheriff's Department,** a | 4.  First Amendment Rights Violation- |
| 16  municipality; **K. Ferber,** and | Freedom of Speech ( California |
|     individual; **M. Landavazo, J. Fisk,** | Constitution, Article 1, Section 2, (a) & |
| 17  an individual; **F. Harris,** an | 42 U.S.C. § 1983); |
|     individual; and **DOES 1 through 51,** | |
| 18 | 5.  Assault/Battery by Police Officer; |
| 19 | |
|     **Defendants.** | 6.  Intentional Infliction of Emotional |
| 20 | Distress (IIED); |
| 21 | 7.  Negligence / Negligent Infliction |
|     | of Emotional Distress (NIED); |
| 22 | |
|     | 8.  Bane/ Unruh Civil Rights Act |
| 23 | (California Civil Code § 52.1) |
| 24 | 9.  Ralph Act |
|     | (California Civil Code § 51.7) |
| 25 | |
|     | 10.  Deprivation of Civil Rights – |
| 26 | Municipal and Supervisory Liability |
|     | (42 U.S.C. § 1983). |
| 27 | |
|     | Demand For Jury Trial |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
EXECUTIVE OFFICE

RECEIVED
SEP 2 0 2021

1

# COMPLAINT

1.   This matter seeks declaratory and injunctive relief for the enforcement of the Superior Court of San Bernardino County and the San Bernardino County Sheriff's Department continued enforcement of, and threats to enforce,  Respondent Superior Court's General Order (Exhibit 1) proscribing all protests on court grounds in San Bernardino County. (See General Order, Attachment as Exhibit 1)  A court order cannot enforce a court order against the general public when that member or members of the public are not parties to or associated with as active litigation giving the court power over the person. The general court order, as written and enforced, is violative of  California and/or the U.S. Constitution.   As to the claim of damages against the San Bernardino County sheriff's Department and its employees, this matter arises from the arrest and seizure of **Kelly Lorenz** and **Alykhan Popat** who were wrongfully arrested during their lawful participation in a lawful protest outside of the Central Superior Court courthouse in the City of San Bernardino.  The arrests were performed under the direction and orders of Lt. **K. Ferber** and Sgt. **M. Landavazo.**

# PARTIES

**A. Plaintiff**

2.   At all relevant times, Plaintiff Kelly Lorenz ("Lorenz ") is an adult qualified to bring suit on her own behalf.  At all relevant time, Lorenz resided in the City of San Bernardino, County of San Bernardino , California.

3.   At all relevant times, Plaintiff Alykhan Popat ("Popat ") is an adult qualified to bring suit on his own behalf.  At all relevant time, Popat resided in the City of Highland, County of San Bernardino , California.

4.   Plaintiffs Lorenz,  and Popat are together identified hereinafter as "Individual Plaintiffs" or "Plaintiffs."

**B. Defendants**

5.   Respondent **Superior Court of California for  San Bernardino**

2

1  **County,** (hereinafter SCSBC)  is the California Court that issued and continues to

2  assert and enforce that it has  judicial power to forbid protests or demonstration or

3  otherwise enforce General Court orders by asserting that violation by members of

4  the public commit a State Crime when they violate Court General Order

5  forbidding protests on Court grounds.

6      6.      Defendant County of **San Bernardino ("County" or "San**

7  **Bernardino")** is a municipality and is a political subdivision of the State of

8  California. The **San Bernardino Sheriff's  Department** (hereinafter "SBSD") is a

9  non-separable department of the County of San Bernardino located in the County

10 of San Bernardino, California.

11     7.      Defendant [Lt.] K. Ferber was the mobile field force lead that

12 Plaintiffs are informed and believe made the determination to detain and arrest

13 Black Lives Protestors (BLM), including Plaintiffs **Kelly Lorenz, Alykhan**

14 **Popat,** at the BLM protest at the Court at issue in this lawsuit.

15     8.      Defendant [Sgt.] Michael Landavazo was the leader of Squad 2, a

16 Sheriff's Department contingent.  It was he that began the initial arrests of BLM

17 protestors, and falsely claimed that Superior Court administration had authorised

18 the arrests of protestors that day.

19     9.      The San Bernardino County Sheriff's Department personnel currently

20 known to have been involved in material part are Lt. **K. Ferber,** ("Ferber) Sgt. **M.**

21 **Landavazo,** (Landavazo) Deputy **J. Fisk** ("Fisk"); and **F. Harris** ("Farris").

22     10.     At all relevant times, Defendants, are law enforcement officers,

23 present, participating or actively supporting in the wrongful acts as alleged herein.

24     11.     DOES 1-50 are as yet unidentified individuals who knowingly

25 participated in or supported some or all of the wrongful acts as stated herein.

26     12.     DOE 1-10, are unnamed supervisors because the identity has yet to be

27 ascertained. They were Sheriff supervisors of the Individual Defendants on or near

28 the scene, and was thus knowingly involved with the violations alleged herein.

Complaint for Damages / Jury Demand

13.    DOES 11- 15 are unnamed supervisors who participated in the training or oversight of the Individual Defendants' wrongful acts as stated herein. They are unnamed because their identity has yet to be ascertained.

14.    DOES 16-50 are unnamed because their identities have yet to be ascertained. They participated in the deprivations visited upon Plaintiff, or with full knowledge of the deprivation and the ability to stop the deprivations did not and/or failed to investigate, or participate honestly in the investigation of the allegations of misconduct as alleged herein, and as alleged.

15.    Each individually named defendant and each DOE defendant acted under color of state law and within the scope of his or her agency and employment with the County of San Bernardino and its Sheriff's Department. All acts and omissions of the individual Defendants were malicious and intentional, with either the intent to deprive Plaintiffs of their constitutional and statutory rights, or in reckless disregard of those rights.

16.    Furthermore, Plaintiffs has assumed on information and belief that the only government entity that operates the San Bernardino Sheriff's Department is the County of San Bernardino itself. If it is later determined that another agency operates the San Bernardino County Sheriff's Department, then Plaintiff will substitute the entity as DOE 51.

17.    At such times as these individuals are identified, Plaintiffs will seek to substitute the names of those individuals for the currently named DOE defendants.

## JURISDICTION AND VENUE

18.    Plaintiffs' claims arise out of a course of conduct involving acts by the Superior Court of California for San Bernardino County, withy its main location located in the City of San Bernardino, and for the acts of officials and its law enforcement officers of the County of San Bernardino and its Sheriff's Department, included Sheriff Supervisors Ferber, Landavazo, Sheriff Deputies

4

1  Fisk and Harris and/or DOE 1- 51 and its law enforcement officers, with its
2  headquarters located in the City of San Bernardino, County of San Bernardino,
3  State of California, and within this judicial district.  The subject event, and all acts
4  described herein, occurred in the City of San Bernardino, County of San
5  Bernardino, State of California.

6      19.   Venue is proper in this Court because all acts occurred within  this
7  jurisdiction, and Plaintiffs believes that all Defendants, including Sheriff
8  Supervisors Ferber, Landavazo, Sheriff Deputies Fisk and Harris reside in San
9  Bernardino County, California.

10              **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11      20.   Plaintiffs timely filed the appropriate administrative claims on
12  January 29, 2021.  The City provided timely notice of its denial on March 16,
13  2021 within the requisite time as ascribed by Government  Code §§ 911, 911.2,
14  and 911.3 thus the claim provisions and time limitations to file suit enunciated in
15  the California Government Tort Claims Act have been followed. A copy of the
16  claims of Plaintiffs are attached collectively as Exhibit 2.

17              **FACTS COMMON TO ALL CLAIMS**

18      21.   All Plaintiffs are advocates for justice. On July 31, 2020, Plaintiffs
19  participated in a non-violent protest outside of the San Bernardino Superior Court
20  in downtown San Bernardino. They neither obstructed the Court's business, nor
21  made threats to any of its personnel, or attempted to threaten or dissuade any
22  witness, judge, prosecutor or juror from their lawful duties. In essence, Plaintiffs,
23  and each of them,  peacefully protested.

24      22.   On July 31, 2020, Plaintiffs and other protestors were told by Sherriff
25  Department personnel that it is a criminal offense – a criminal violation of a
26  General Court order – to protest outside the courthouse. To date that court order is
27  still operative, and, under information and belief, is still being enforced by the
28  threat of criminal prosecution.

Complaint for Damages / Jury Demand

23.     On July 31, 2020, all Plaintiffs were arrested. At the time they were arrested they were told that they were violating the Superior Court's General Order that prohibited protests on Court Grounds.  Later, Plaintiffs were cited for trespassing in violation of Penal Code 602.1. (Interference with a public business)

24.     Plaintiff are informed and believe that the court order is invalid as used by the deputies on July 31, 2020 as the basis for seeking Plaintiff's arrests.

25.     The arrests, and continued threat of arrest pursuant to the terms of the Court order that forbids protests on Court ground, has caused, and continues to cause, a chill to Plaintiffs and other protesters right to protest or otherwise engage in free speech outside the courthouse. To Plaintiffs knowledge, since July 31, 2020, no other Black Lives Matters protests have occurred at the courthouse, even though the reasons for the protests have continued and they wished to continue their protests and make their concerns known.

26.     Plaintiffs are informed and believe that Defendants and the San Bernardino Sheriff's Department know this is an invalid court order because they issued a ticket for trespassing in violation of Penal Code section 602.1(b) and not a violation of Penal Code 166.4 (violation of a court order).

27.     Section (d) Penal Code section 602.1 states that the provision section cannot be used against "[a]ny person on the premises who is engaging in activities protected by the California Constitution or the Unites States Constitution."  In derogation of that prohibition the Sheriff's Department, cited Plaintiff for violation of Penal Code section 602.1.  Sheriff's deputies, did so knowing that Plaintiff's participation in the protest did not violate State restrictions on protests on Court grounds, nor exceeded any protections offered by the State or U.S. Constitution, or otherwise, had not met all the elements required for a violation of an enforceable violation of Penal Code section 602.1.

28.     On July 31, 2020, Plaintiff were exercising their right to free speech as prescribed by the  First Amendment Right of the United States Constitution and

6

1     the California Constitution.

2        29.    The State of California has a specific statute related to protests on

3 court grounds. This statute occupies the field and declares that a protest on court

4 grounds is only unlawful if it is done with the "intent to interfere with, obstruct, or

5 impede the administration of justice or with the intent to influence any judge,

6 juror, witness, or officer of the court in the discharge of his duty."

7        30.    On July 31, 2020, Plaintiffs did not "interfere with, obstruct, or

8 impede the administration of justice or with the intent to influence any judge,

9 juror, witness, or officer of the court in the discharge of his duty" and no

10 reasonable law enforcement officer would have thought that Plaintiffs had.

11        31.    On July 31, 2020, Plaintiffs did not block any Courthouse entrances.

12        32.    On July 31, 2020, Plaintiffs did not threaten any person entering or

13 exiting the courthouse.

14        33.    On July 31, 2020, Plaintiffs did not act, interfere with, obstruct, or

15 impede, with the intent to "influence any judge, juror, witness, or officer of the

16 court in the discharge of his duty"

17        34.    As such, on July 31, 2020, Defendants had no probable cause to arrest

18 Plaintiffs and certainly no lawful reason to have and continue to suppress

19 Plaintiffs' speech. On July 31, 2020, without probable cause, Plaintiffs were

20 unlawfully arrested for Penal Code Section 602.1(b) trespassing or a violation of a

21 Court order, or a violation of Penal Code Sec 169 (Illegal Protest on Court

22 Grounds), any other crime.

23        35.    To date, the San Bernardino County district attorney has _not_ sought to

24 prosecute Plaintiff Lorenz or Plaintiff Popat for any violations of law stemming

25 from the protest event, arrest or citation.

26        36.    If a case were pursued by the County of San Bernardino against

27 Lorenz of Popat, it would be done maliciously, and without the benefit of probable

28 cause.

7

37.   Plaintiffs were intentionally and negligently falsely imprisoned, and falsely arrested by Defendants on July 31, 2020.

38.   Moreover, Plaintiffs are informed and believe that no other arrests for trespassing or protesting occurred to any other group, save for Black Lives Mattes.

39.   As such, Plaintiffs are informed and believe that the impetus for the decisions to stop the protest and the taking of illegal actions against Plaintiffs was not just to stop the lawful protest, but was based upon the cause for which Plaintiffs stood and the color of the skin of those for whom they protested. (Actions by State actors are in violation of the Unruh Civil Rights Act, Bane Act and Ralph Act).

40.   Defendants interfered with Plaintiffs constitutional rights, unlawfully cited Plaintiffs, unlawfully arrested Plaintiffs, and unlawfully detained Plaintiffs and unlawfully threatened arrests for engaging in protected activity.

41.   Defendants used excessive force amounting to assault and battery of unlawful touching to take Plaintiffs into custody.

42.   The defendants did not have a reasonable suspicion that Plaintiffs were involved in, or about to commit a crime. Defendants wrongfully detained Plaintiffs against their will, and then, without probable cause, falsley arrested Plaintiffs, amounting to false arrest and false imprisonment, all in violation of Civ Code 52.1, et seq.

43.   Plaintiffs were transported to San Bernardino Central Detention Center and placed in a holding cell for multiple hours before being released from custody.

44.   As such, Defendants, and DOES 1-50, and each of them, acted upon Plaintiffs without legal justification.

45.   Any reasonable officer knowing the same facts as existed on July 31, 2020 would not have been suspicious that Plaintiffs, were, had been, or were about to be involved in activity related to a crime.

Complaint for Damages / Jury Demand

46.     Plaintiffs are informed and believes that the County of San Bernardino, its Sheriff's Department  and the named defendants and DOES 1-51 were, at the very least, negligent in their treatment of Plaintiffs and, at worst, knowingly and intentionally malicious.

47.     The San Bernardino County and its Sheriff's Department has a duty to stop this type of conduct, to watch that it does not occur, and to, at least, train these officers to access the situation and react professionally without the need for excessive force.

48.     The County of San Bernardino, San Bernardino Sheriff's Department, Sheriff Supervisors Ferber, Landavazo, Sheriff Deputies Fisk and Harris , and DOES 1-51, had the ability and opportunity to stop the unlawful acts but did not attempt to do so.

49.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants County of San Bernardino, San Bernardino Sheriff's Department, and DOE 51 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Baxter, including the right to be free from excessive force under the Fourth Amendment.

50.     As complained of herein above, none of the defendants to this action had a warrant for either Plaintiffs arrest, nor probable cause to believe that plaintiffs had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiffs, or any suspicion that the plaintiffs was a danger to anyone or anything.

51.     Accordingly, the seizure of plaintiffs by Defendants with force, constitutes an unlawful and unreasonable seizure of plaintiffs, in violation of his rights under the Fourth Amendment to the United States Constitution.

52.     As a direct and proximate result of the aforesaid acts and omissions of

9

1    the aforementioned defendants, Plaintiffs were injured in their health and person.

2    They suffered and will continue to suffer severe mental anguish, fright,

3    nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to

4    reputation, and apprehension, which have caused Plaintiffs to sustain damages in a

5    sum to be determined at trial.

6        53.    Plaintiffs were harmed by the acts of the Defendants and the

7    Department defacto policies and procedures, and its failure to supervise and train

8    its Deputies.   The San Bernardino Sheriff's  Department's failures as an

9    organization, created an atmosphere that violations such as alleged here were sure

10   to occur.

11       54.    Due to the deprivation of their civil rights, and the unlawful arrest

12   and false imprisonment by Defendants and DOES 1-50, Plaintiffs suffered mental

13   pain and suffering of anguish, fright, nervousness, anxiety, and humiliation.

14       55.    Even if the Defendants did not intend to harm Plaintiffs, their acts

15   were committed with negligence, and a failure to use the standards expected to be

16   use by a competent  law enforcement officers.

17                          **FIRST CAUSE OF ACTION**

18                            **DECLARATORY RELIEF**

19        [Against the **Superior Court of California for  San Bernardino County,**

20    **San Bernardino County**, a municipality; **San Bernardino County Sheriff's**

21                          **Department**, a municipality]

22       56.    Plaintiffs hereby re-alleges and incorporates by reference the

23   allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in

24   full herein.

25       57.    The  **Superior Court of California for  San Bernardino County,**

26   **San Bernardino County** has issued a General Court Order, that remains

27   enforceable, and has sought, and continues to seek or can seek, to enforce, that

28   blanketly prohibits protests on Court grounds. It states:

                                    10

1    Text from General Order of the Presiding Judge in Re: Court Access signed

2  January 1, 2020.

3  I.    DEFINITIONS

4       A.    The following definitions apply for the purposes of this General

5             Order:

6             1.    "Prohibited Activity" shall mean any and all of the acts of

7                   demonstrating, picketing, parading, distributing literature or

8                   other materials, soliciting sales or donations, engaging in

9                   commercial activity and engaging in oral or demonstrative

10                  protest, education or counseling.

11            2.    "Walkway" shall mean (a) any corridor, sidewalk or other path

12                  of pedestrian movement directly from the edge of the public

13                  sidewalk nearest an entrance to any building containing a

14                  courtroom; (b) an corridor, sidewalk or other path of pedestrian

15                  movement leading directly from parking lot within the curtilage

16                  to an entrance to any building containing a courtroom; and (c)

17                  any corridor or passageway within a multi-purpose, commercial

18                  or private building that leads directly to the part of the building

19                  containing a courtroom.

20            3.    3. "Curtilage" shall mean any area between any building

21                  containing a courtroom and nearest edge of public sidewalk

22                  surrounding the building. It shall not include the area adjacent

23                  to that portion of a multi-purpose, commercial or private

24                  building that does not contain a courtroom.

25            4.    "Courthouse" shall mean any building containing, at least, one

26                  (1) courtroom. It shall also mean that portion ·of a

27                  multi-purpose commercial or private building that contains, at

28                  least, one (1) courtroom.

---

[page.2:11– 3:7]

II.    PROHIBITIONS

    A.    No person shall engage in any prohibited activity within a courthouse.

    B.    No person shall engage in any prohibited activity within the curtilage of a courthouse.

[p. 3:8-11]

    58.    The Plaintiff seeks declaratory relief to determine that the Superior Court of California for  San Bernardino County's General Court Order, stated above, cannot not be imposed to blanketly prohibit "any and all of the acts of demonstrating, picketing, parading, distributing literature or other materials, soliciting sales or donations, engaging in commercial activity and engaging in oral or demonstrative protest, education or counseling" and that any such violation of said order cannot form the basis for a charge of a violation of a court order such as Penal Code 166.4.

    59.    Let such an Declaratory judgment be decided and issued, and notice be directed at  the Superior Court of California for  San Bernardino County *and* Defendants San Bernardino County and the San Bernardino County Sheriff's Department and its personnel.

**SECOND  CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

[Against the **Superior Court of California for  San Bernardino County,
San Bernardino County**, a municipality; **San Bernardino County Sheriff's
Department**, a municipality]

    60.    Plaintiffs hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, inclusive, above, as if set forth in full herein.

    61.    The  **Superior Court of California for  San Bernardino County,**

12

**San Bernardino County** has issued a General Court Order, that remains enforceable, and has sought, and continues to seek or can seek, to enforce, that blanketly prohibits protests on Court grounds. It states:

   Text from General Order of the Presiding Judge in Re: Court Access signed January 1, 2020.

I.     DEFINITIONS

    A.    The following definitions apply for the purposes of this General Order:

        1.    "Prohibited Activity" shall mean any and all of the acts of demonstrating, picketing, parading, distributing literature or other materials, soliciting sales or donations, engaging in commercial activity and engaging in oral or demonstrative protest, education or counseling.

        2.    "Walkway" shall mean (a) any corridor, sidewalk or other path of pedestrian movement directly from the edge of the public sidewalk nearest an entrance to any building containing a courtroom; (b) an corridor, sidewalk or other path of pedestrian movement leading directly from parking lot within the curtilage to an entrance to any building containing a courtroom; and (c) any corridor or passageway within a multi-purpose, commercial or private building that leads directly to the part of the building containing a courtroom.

        3.    3. "Curtilage" shall mean any area between any building containing a courtroom and nearest edge of public sidewalk surrounding the building. It shall not include the area adjacent to that portion of a multi-purpose, commercial or private building that does not contain a courtroom.

        4.    "Courthouse" shall mean any building containing, at least, one

13

Complaint for Damages / Jury Demand

1         (1) courtroom. It shall also mean that portion ·of a

2         multi-purpose commercial or private building that contains, at

3         least, one (1) courtroom.

4   [page.2:11– 3:7]

5

6   II.  PROHIBITIONS

7     A.  No person shall engage in any prohibited activity within a courthouse.

8     B.  No person shall engage in any prohibited activity within the curtilage

9        of a courthouse.

10   [p. 3:8-11]

11     62.  Defendants San Bernardino County and the San Bernardino County

12   Sheriff's Department have been charged with enforcing the General Court order as

13   described herein at San Bernardino Court facilities.

14     63.  The Plaintiff seeks injunctive relief to prohibit the Superior Court of

15   California for  San Bernardino County *and* Defendants San Bernardino County

16   and the San Bernardino County Sheriff's Department from enforcing, or

17   threatening to enforce, the General Court Order.

18     64.  Plaintiff basis this request on the the following: 1. The General Order

19   described, violates State and Federal Constitutional rights belong to the public. 2.

20   A superior Court has no jurisdiction or legislative power to circumscribe the rights

21   of the public beyond those restrictions already imposed by legislature or

22   Constitution, and thus the order is not issued lawfully 3. The order was not entered

23   in conformance with accepted judicial powers or process. 4. Only a legislature or

24   the State or Federal Constitution can affect the peoples rights to demonstrate,

25   picket, parade, distribute literature or other materials, soliciting sales or donations,

26   engaging in commercial activity and engaging in oral or demonstrative protest,

27   education or counseling. " 5. and finally, any such violation of said order cannot

28   form the basis for a charge of a violation of a court order such as Penal Code 166.4

1 | since General Court order, in particular this general court order, are not lawful
2 | court orders as a matter of law.

3 |      65.    Let such an injunction issue, and be directed at  the Superior Court of
4 | California for  San Bernardino County **and** Defendants San Bernardino County
5 | and the San Bernardino County Sheriff's Department and its personnel.

6 | ### THIRD CAUSE OF ACTION

7 | **Unreasonable Arrest and Seizure/ False Imprisonment**

8 | **(42 U.S.C. § 1983)**

9 | [Against Ferber, Landavazo, Fisk and Harris and/or DOE 1-50 and

10 | San Bernardino County AND San Bernardino County Sheriff's Department]

11 |      66.    Plaintiffs hereby realleges and incorporates by reference the

12 | allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in

13 | full herein.

14 |      67.    On July 31, 2020, while acting within the course and scope of their

15 | employment, Sheriff Supervisors Ferber, Landavazo, Sheriff Deputies Fisk and

16 | Harris and DOES 1-50 intentionally and negligently falsely imprisoned, and

17 | falsely arrested Plaintiffs Lorenz and Popat.

18 |      68.    As complained of herein above, On July 31, 2020, none of the

19 | Plaintiffs to this action had any warrants for their arrest, nor did Defendants have

20 | probable cause to believe that plaintiffs had committed a crime, nor did defendants

21 | have reasonable suspicion of criminality afoot by the plaintiffs, or any suspicion

22 | that the plaintiffs were a danger to anyone or anything.

23 |      69.    Accordingly, the seizure of plaintiffs by Defendants Fisk, Harris and

24 | DOES 1-50, inclusive, with the use of force, constituted an unlawful and

25 | unreasonable seizure of plaintiffs, in violation of their rights under the Fourth

26 | Amendment to the United States Constitution.

27 |      70.    On July 31, 2020, while acting within the course and scope of their

28 | employment, Defendants Fisk, Harris and DOES 1-50, and under the direction of

**Complaint for Damages / Jury Demand**
**000019**

Sheriff Supervisors Ferber and/or Landavazo, Deputies Fisk and Harris unlawfully touched Plaintiffs Lorenz and Popat to take them into custody amounting to assault and battery or otherwise unlawfully seized  and, therefore, Defendants used excessive force in their detention of Plaintiffs Lorenz and Popat and otherwise unlawly detained and arrested Plaintiffs.

71.     On July 31, 2020, Plaintiffs Lorenz and Popat were transported to San Bernardino Central Detention Center and placed in a holding cell by Fisk, Harris and DOES 1-50 for several hours before being released from custody.

72.     Defendants, Sheriff Supervisors Ferber, Landavazo, Sheriff Deputies Fisk and Harris and DOES 1-50, while acting within the course and scope of their employment, wrongfully detained Plaintiffs Lorenz and Popat on July 31, 2020 against their will during their arrest and detention process,  amounting to false imprisonment, false arrest, and in violation of Civ Code 52.1, et seq.

73.     As a direct and proximate result of the actions of defendants Sheriff Supervisors Ferber, Landavazo, Sheriff Deputies Fisk and Harris and DOES 1-50, inclusive, as complained of herein, plaintiff: was substantially physically, mentally and emotionally injured; incurred other special and general damages and expenses in an amount to be proven at trial.

74.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, and protected class, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant County and DOE51, in an amount to be proven at trial.

## **FOURTH CAUSE OF ACTION**

**First Amendment Rights Violation- Freedom of Speech**

**( California Constitution, Article 1, Section 2 (a) & 42 U.S.C. § 1983);**

[[Against Ferber, Landavazo, Fisk and Harris and/or DOE 1-50 and

16

San Bernardino County AND San Bernardino County Sheriff's Department]

75.     Plaintiffs hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 74 inclusive, above, as if set forth in full herein.

76.     All Plaintiffs have been concerned about the justice system and how people, not just African Americans, have been treated by the system.

77.     On July 31, 2020, Plaintiffs wanted to be heard. Plaintiffs participated in a non-violent protest outside of the San Bernardino Superior Court in downtown San Bernardino.

78.     Defendants Sheriff Supervisors Ferber, Landavazo, Sheriff Deputies Fisk and Harris , and DOES 1-50, while acting within the course and scope of their employment, interfered with Plaintiffs constitutional rights, unlawfully cited Plaintiffs, unlawfully arrested Plaintiffs, and unlawfully detained Plaintiffs for exercising rights protected by the US Constitution and the California Constitution.

79.     Plaintiffs Lorenz and Popat were arrested for allegedly violation Penal Code Section 602.1, however, section (d) of Penal Code section 602.1 states that the section cannot be used against "[a]ny person on the premises who is engaging in activities protected by the California Constitution or the Unites States Constitution."

80.     On July 31, 2020, Plaintiff were exercising their First Amendment Right of the United States Constitution and their rights protected under the California Constitution Article 1, Section 2(a).

81.     Plaintiffs Lorenz and Popat believe that they were targeted by Defendants Fisk, Harris and DOES 1-50 because of their affiliation with Black Lives Matters Inland Empire - a protected class of people.

82.     As a direct and proximate result of the actions of defendants Sheriff Supervisors Ferber, Landavazo, Sheriff Deputies Fisk and Harris and DOES 1-50, inclusive, as complained of herein, plaintiff: was substantially physically, mentally

17

1  and emotionally injured; incurred other special and general damages and expenses

2  in an amount to be proven at trial.

3      83.    The individual defedants were employed and directed by the County

4  of San Bernardino and its Sheriff's Department.

5      84.    The actions by said defendants were committed maliciously,

6  oppressively and in reckless disregard of plaintiffs' constitutional rights, and

7  protected class, sufficient for an award of punitive / exemplary damages against all

8  defendants and each of them, save defendant County and DOE 51, in an amount to

9  be proven at trial.

10                        **FIFTH CAUSE OF ACTION**

11                **Assault and Battery by Law Enforcement Officer**

12          [Against Ferber, Landavazo, Fisk and Harris and/or DOE 1-50 and

13      San Bernardino County AND San Bernardino County Sheriff's Department]

14      85.    Plaintiffs hereby realleges and incorporates by reference the

15  allegations set forth in paragraphs 1 through 84, inclusive, above, as if set forth in

16  full herein.

17      86.    SBSD Deputy, Defendants Ferber, Landavazo, Fisk and Harris and

18  DOES 1-50, while acting within the course and scope of their employment,

19  assaulted and battered Plaintiffs Lorenz and Popat.

20      87.    Defendants Fisk and Harris and DOES 1-5 forcefully grabbed

21  unlawfully arrested Plaintiffs and detained them against their will amounting to

22  false imprisonment and offensive touching. They did so under orders of Ferber,

23  and./or Landavazo.

24      88.    As a direct and proximate result of the aforesaid acts and omissions of

25  the aforementioned defendants, Plaintiffs suffered and will continue to suffer

26  severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety,

27  shock, humiliation, indignity, embarrassment, harm to reputation, and

28  apprehension, which have caused Plaintiffs to sustain damages in a sum to be

1    determined at trial.

2        89.    The County of San Bernardino, San Bernardino Sheriff's

3    Department, and DOE 51 are vicariously liable pursuant to Cal. Gov't Code §

4    815.2(a).

5        90.    The aforementioned acts of all Defendants were willful, wanton,

6    malicious and oppressive, with reckless disregard for, with deliberate indifference

7    to, and with the intent to sadistically subjected Plaintiffs to pain, and suffering,

8    entitling Plaintiffs to exemplary and punitive damages against Defendants in an

9    amount to be proven at trial.

10                       **SIXTH CAUSE OF ACTION**

11              **Intentional Infliction of Emotional Distress (IIED)**

12          [Against Ferber, Landavazo, Fisk and Harris and/or DOE 1-50 and

13    San Bernardino County AND San Bernardino County Sheriff's Department]

14        91.    Plaintiffs hereby realleges and incorporates by reference the

15    allegations set forth in paragraphs 1 through 90, inclusive, above, as if set forth in

16    full herein.

17        92.    Plaintiffs claims Defendants Fisk, Harris and DOES 1-50's conduct

18    on July 31, 2020, was outrageous. All acts were done under the orders of the

19    Sheriff Department, Does 1-50, and Ferber, and./or Landavazo.

20        93.    SBSD Deputies/ Defendants Fisk, Harris, and DOES 1-50, were

21    acting within the course and scope of their employment when they intentionally

22    inflicted emotional distress on Plaintiffs.

23        94.    SBSD Deputies, Defendants Fisk, Harris, and DOES 1-50 were all

24    armed with deadly weapons on July 31, 2020 and acted in a militaristic manner in

25    all of their dealings with Plaintiffs.

26        95.    While armed, Defendants Fisk, Harris, and DOES 1-50 used

27    excessive force and the threat of excessive force against Plaintiffs in front of

28    patron of the court and fellow Black Life's Matter members, and then arresting

                                    19

                       Complaint for Damages / Jury Demand

1  Plaintiffs, again, as witnessed by patron of the court and fellow Black Life's

2  Matter members, intending to cause Lorenz and Popat emotional distress.

3      96.   Defendants Fisk, Harris, and DOES 1-50 intended to cause Plaintiffs

4  emotional distress by arresting them for false charges, filing false police reports

5  and submitting altered evidence to the San Bernardino County District Attorney's

6  office, ultimately to attempt an undue and stressful prosecution for crimes they did

7  not commit.

8      97.   Defendants Fisk, Ferber, and./or Landavazo. and DOES 1-50 acted

9  with reckless disregard of the probability that Plaintiffs would suffer emotional

10  distress.

11      98.   Plaintiffs suffered severe emotional distress. Defendants Fisk, Harris,

12  and DOES 1-50 conduct was a substantial factor in causing Plaintiffs' severe

13  emotional distress..

14      99.   All defendants denied, aided, incited a denial, and/or committed

15  wrongful acts as herein described.

16      100.  Defendants Fisk, Harris, and DOES 1-50 knew that Plaintiffs were

17  particularly vulnerable to emotional distress being that Plaintiff were arrested in

18  front of patron of the court and fellow Black Live's Matter members by officers

19  who acted under color of authority, while simply exercising their right to free

20  speech as protected by the United States Constitution and the California

21  Constitution.

22      101.  Defendants Fisk, Harris, and DOES 1-50 knew that their conduct

23  would likely result in harm due to mental distress.

24      102.  Defendants Fisk, Harris, and DOES 1-50 gave little or no thought to

25  the probable effects of their conduct

26      103.  The County of San Bernardino, San Bernardino Sheriff's  Department

27  and DOE 51  are vicariously liable pursuant to California  Government  Code §

28  815.2(a).

104.   Plaintiffs were harmed; and all defendant's conduct was a substantial factor in causing Plaintiffs' harm.

105.   As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs were injured in their person.   Plaintiffs suffered and will continue to suffer severe mental pain and suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

106.   The aforementioned acts of Defendants Fisk, Harris, and DOES 1-50 were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to sadistically subject Plaintiffs to pain and suffering - entitling Plaintiff to exemplary and punitive damages against Defendants in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Negligence / Negligent Infliction of Emotional Distress (NIED)

[Against Ferber, Landavazo, Fisk and Harris and/or DOE 1-50 and San Bernardino County AND San Bernardino County Sheriff's Department]

107.   Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 106, inclusive, above, as if set forth in full herein.

108.   Plaintiffs claims Defendants Fisk, Harris, and DOES 1-50 owed Plaintiffs a duty of due care to conduct themselves reasonably, professionally, and within constitutional limitations.  All acts were done under the orders ofthe Sheriff Department, Does 1-50, and Ferber, and./or Landavazo.

109.   Plaintiffs claims Defendants Fisk, Harris, and DOES 1-50's conduct was outrageous, and unreasonable and that all acts were done under the orders of the Sheriff Department, Does 1-50, and Ferber, and./or Landavazo.

110.   Defendants Fisk, Harris, and DOES 1-50 negligently caused Plaintiff emotional distress by using excessive force on Plaintiffs' person, wrongfully arresting, searching & seizing Plaintiffs in front their friend and patron of the court.

111.   Defendants Fisk, Harris, and DOES 1-50 acted negligently, and/or with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

112.   Plaintiffs suffered severe emotional distress. Defendants Fisk, Harris, and DOES 1-50's conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

113.   Defendants Fisk, Harris, and DOES 1-50 knew that Plaintiffs were particularly vulnerable to emotional distress being that Plaintiffs were assaulted, threatened and arrested in front of friends while simply exercising their Fisrt Amendment Right to the United States Constitution.

114.   Defendants Fisk, Harris, and DOES 1-50 knew that their conduct would likely result in emotional distress.

115.   The County of San Bernardino, San Bernardino Sheriff's Department, and DOE 51 are vicariously liable pursuant to California Government Code § 815.2(a).

116.   As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

## EIGHTH CAUSE OF ACTION

### Violation of Bane/ Unruh Civil Rights Act

### (California Civil Code § 52.1)

[Against Ferber, Landavazo, Fisk and Harris and/or DOE 1-50 and

San Bernardino County AND San Bernardino County Sheriff's Department]

117.   Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 117, inclusive, above, as if set forth in full herein.

118.   Plaintiffs have protections under California Civil Code Section 52.1 to be free from the deprivation of any rights, privileges, or immunities secured by the United States and California Constitutions and by any federal or California laws by any agency or individuals whether or not acting under the color of State law. These constitutional rights include, but are not limited to, inalienable rights (Article I, section 1), the Right to Free Speech and conduct peaceful protests, due process (Article I, section 7), freedom from unreasonable searches and seizures (Article I, section 13), and privacy.

119.   On July 31, 2020, Plaintiffs claims that, while acting under the color of law, defendants Fisk, Harris and DOES 1-50 intentionally interfered with Plaintiff Lorenz and Popat's civil rights by using threats, intimidation, or coercion against them because of their excise of their right to free speech and lawfully protest.  All acts were done under the orders ofthe Sheriff Department, Does 1-50, and Ferber, and./or Landavazo.

120.   At the time of the threats made against Plaintiff's and at their arrests, all Plaintiffs participated in a peaceful Black Lives Matter (Inland Empire) protest. That protest neither interfered with the Court house business, anyone ingress or egress into the business, nor did the Plaintiff's seek to, nor did the Plaintiffs threaten any of its personnel, or attempted to, or threaten or dissuade, any witness, judge, prosecutor or juror from their lawful duties.

23

121.   On July 31, 2020, the threats, intimidation or coercion, used by defendants Fisk, Harris and DOES 1-50, while acting under the color of law, caused Plaintiffs Lorenz and Popat to reasonably believe that if they exercised their right to freedom of speech in the future there at the court house that defendants Fisk, Harris or other personnel with the San Bernardino Sheriff's Department and DOES 1-50 would commit violence against them or their property, arrest them (without benefit of probable cause), and that defendants Fisk, Harris or other personnel with the San Bernardino Sheriff's Department and DOES 1-50 had the apparent ability to carry out the threats.

122.   On July 31, 2020, prior to their unlawful arrest and detention, Plaintiffs were prevented from exercising their right to free speech by Defendants Fisk, Harris, and DOES 1-50, who used threats, intimidation and coercion.  These threats, intimidation, and coercion by defendants was independent from the coercion inherent in the wrongful detention of Plaintiffs itself. (*Simmons v. Superior Court* (2016) 7 Cal.App.5th at p. 1126.)

123.   On July 31, 2020, while acting under the color of law, defendants Fisk, Harris, and DOES 1-50, used force and intimidation against Plaintiffs Lorenz and Popat and their property to prevent them from exercising their right to freedom of speech to retaliate against plaintiffs Lorenaz and Popat for having exercised their rights. All acts were done under the orders ofthe Sheriff Department, Does 1-50, and Ferber, and./or Landavazo.

124.   On July 31, 2020, defendants Fisk, Harris, and DOES 1-50 intended to deprive  Plaintiffs Lorenz and Popat of their enjoyment of the interests protected by the right. All acts were done under the orders ofthe Sheriff Department, Does 1-50, and Ferber, and./or Landavazo.

125.   On July 31, 2020, defendants Fisk, Harris and DOES 1-50 prevented plaintiffs Lorenz and Popat from doing something they had the right to do under the law or to force the plaintiff to do something that he or she was not required to

24

1  do under the law. (*King v. State of California* (2015) 242 Cal.App.4th 265, 294

2  [195Cal.Rptr.3d 286], internal citation omitted.)

3      126.  Plaintiff is informed and believes and thereon alleges that, at all times

4  herein mentioned, defendants County of San Bernardino, San Bernardino Sheriff's

5  Department, Sheriff McMahon, and DOE 51 employed Fisk, Harris and DOES 1-

6  50 as well as maintained, enforced, tolerated, ratified, permitted, acquiesced in,

7  and/or applied, among others, policies, practices and customs with deliberate

8  indifference, and in conscious and reckless disregard to the safety, security and

9  constitutional and statutory rights of Plaintiffs.

10      127.  The County of San Bernardino, San Bernardino Sheriff's

11  Department, and DOE 51 are vicariously liable pursuant to California Government

12  Code § 815.2(a).

13      128.  As a direct and proximate result of the aforesaid acts and omissions of

14  the aforementioned defendants, Plaintiffs were injured in their person.   Plaintiffs

15  suffered and will continue to suffer severe mental and physical pain, suffering,

16  anguish, fright, nervousness, anxiety, shock, humiliation, indignity,

17  embarrassment, harm to reputation, and apprehension, which have caused

18  Plaintiffs to sustain damages in a sum to be determined at trial.

19      129.  The aforementioned acts of Defendants Fisk, Harris, and DOES 1-50

20  were willful, wanton, malicious and oppressive, with reckless disregard for, with

21  deliberate indifference to, and with the intent to sadistically subject Plaintiffs to

22  pain and suffering - entitling Plaintiff to exemplary and punitive damages against

23  Defendants in an amount to be proven at trial.

24      130.  "Civil Code section 52.1, the Bane Act civil counterpart of [Penal

25  Code] section422.6, recognizes a private right of action for damages and

26  injunctive relief for interference with civil rights." (*In re M.S.* (1995) 10 Cal.4th

27  698, 715 [42Cal.Rptr.2d 355, 896 P.2d 1365].)  Plaintiffs intend to seek injunctive

28  relief against the defendants to prevent Sheriffs department personnel from

depriving persons of their constitutionally protected civil rights.

## NINTH CAUSE OF ACTION

### Violation of Ralph Act

### (California Civil Code § 51.7)

[Against Ferber, Landavazo, Fisk and Harris and/or DOE 1-50 and San Bernardino County AND San Bernardino County Sheriff's Department]

131.   Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 130, inclusive, above, as if set forth in full herein.

132.   The Ralph Civil Rights Act forbids acts of violence or threats of violence because of a person's actual or perceived  race, color, and/or national origin.

133.   All Plaintiffs are advocates with Black Lives Matter Inland Empire.

134.   On July 31, 2020, while acting under color of authority, defendants Fisk, Harris and DOES 1-50, interfered with Plaintiff Kelly Lorenz and Alykhan Popat's constitutional rights by use of force and threats of force because of their actual or perceived membership in a protected group, the Inland Empire Chapter of Black Lives Matter.

135.   On July 31, 2020, while acting under color of authority, defendants Fisk, Harris and DOES 1-50, assaulted and battered Plaintiff Kelly Lorenz and Alykhan Popat's  on the basis of their  actual or perceived membership in a protected group, the Inland Empire Chapter of Black Lives Matter.  All acts were done under the orders of the Sheriff Department, Does 1-50, and Ferber, and./or Landavazo.

136.   On July 31, 2020, while acting under color of authority, defendants Fisk, Harris and DOES 1-50, advocated unlawful violence against  Plaintiff Kelly Lorenz and Alykhan Popat on the basis of their actual or perceived membership in a protected group, where that advocacy was directed to inciting or producing

imminent lawless action and that was likely to produce such action.

137.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants County of San Bernardino, San Bernardino Sheriff's Department, Sheriff McMahon, and DOE 51 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs.

138.    The County of San Bernardino, San Bernardino Sheriff's Department, and DOE 51 are vicariously liable pursuant to California Government Code § 815.2(a). All acts were done under the orders ofthe Sheriff Department, Does 1-50, and Ferber, and./or Landavazo.

139.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs were injured in their person.   Plaintiffs suffered and will continue to suffer severe mental pain and suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

140.    The aforementioned acts of Defendants Fisk, Harris, and DOES 1-50 were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to sadistically subject Plaintiffs to pain and suffering - entitling Plaintiff to exemplary and punitive damages against Defendants in an amount to be proven at trial.

141.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned, Plaintiffs are entitled to their actual damages; Punitive Damages; Civil Penalties; and Plaintiffs may seek a restraining order against Defendants. Plaintiffs' Damages are in a sum to be determined at trial.

## TENTH CAUSE OF ACTION

**Deprivation of Civil Rights – Entity and Supervisory Liability**

**(42 U.S.C. § 1983)**

[Against Ferber, Landavazo, and

San Bernardino County AND San Bernardino County Sheriff's Department]

and DOES 51]

142.   Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 141, inclusive, above, as if set forth in full herein.

143.   Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants County of San Bernardino, San Bernardino Sheriff's Department, Sheriff McMahon, and DOE 51 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, including the right to be free from excessive force under the Fourth Amendment:

a.      Failing to adequately train, supervise, and control officers in the constitutionally permissible use of force: especially the proper use of carotid restraint holds;

b.      Failing to adequately train, supervise, and control officers in proper communication and appropriate responses to members of the public;

c.      Failing to set up systems to prevent abuse by officers, including combating the "code of silence" by encouraging officers to intervene and prevent abuse and misconduct by other officers;

d.      Failing to discipline officers involved in abusing their authority, or in failing to report or prevent abuses of authority; and

e.      Condoning and encouraging SBSD Deputies in the belief that they

28

1    can violate the rights of persons such as Plaintiffs with impunity, and that such

2    conduct will not adversely affect their opportunities for promotion and other

3    employment benefits.

4         144.   The following are only a few examples of cases where the involved

5    officers were not disciplined, remanded,, retrained, suspended, or otherwise

6    penalized in connection with the underlying acts giving rise to the below lawsuits,

7    which indicates that the County of San Bernardino routinely ratifies such

8    behavior:

9         a.    *People v Jaydee Lopez*, San Bernardino County Superior Court Case

10   number MSB20010944.  Jaydee Lopez was arrested at a later date for her

11   participation in the protest on July 31, 2020.  She was arrested for allegedly

12   violating Penal Code § 405 (felony), but later tried on two counts of battery on a

13   police officer and two counts resisting arrest (misdemeanors).  Before the start of

14   trial one count for Penal Code § 169 (Picketing near a courthouse to interfere) was

15   dismissed.  At trial, the jury acquitted her of the Battery charges and hung on the

16   resisting charges.  At trial, the district attorney criticized her about the group's

17   (Black Lives Matter Inland Empire) cause behind the protest.

18        b.    *People v. Garey Avery*, San Bernardino County Superior Court Case

19   number MSB21007661. On June 11, 2021, the district attorney's office filed

20   charges against Garey Avery, to include a violation of Penal Code § 602.1 from

21   his participation in the same protest as Plaintiffs on July 31, 2020.  He is currently

22   being prosecuted for this and other charges.  The Sheriffs department and its

23   personnel continue to submit police reports to the district attorney's office for

24   prosecution of persons for violation on Penal Code § 602.1 although Section (d) of

25   Penal Code § 602.1 states that the whole section cannot be used against "[a]ny

26   person on the premises who is engaging in activities protected by the California

27   Constitution or the Unites States Constitution."  This is a continued threat and

28   intimidation tactic, intended to coerce and prevent this protected class (BLM) from

29

1   exercising its right to freedom of speech that the County of San Bernardino and its
2   Sheriffs department and DOE 51 condones, aids, incites, and/or conspires to
3   practice.

4        c.   *People v. Yoselin Salcedo*, San Bernardino County Superior Court
5   Case number MSB21007662. On June 11, 2021, the district attorney's office filed
6   charges against Yoselin Salcedo, to include a violation of Penal Code § 602.1
7   from her participation in the same protest as Plaintiffs on July 31, 2020. She is
8   currently being prosecuted for this and other charges.. The Sheriffs department
9   and its personnel continue to submit police reports to the district attorney's office
10  for prosecution of persons for violation on Penal Code § 602.1 although Section
11  (d) of Penal Code § 602.1 states that the whole section cannot be used against
12  "[a]ny person on the premises who is engaging in activities protected by the
13  California Constitution or the Unites States Constitution." This is a continued
14  threat and intimidation tactic, intended to coerce and prevent this protected class
15  (BLM) from exercising its right to freedom of speech that the County of San
16  Bernardino and its Sheriffs department and DOE 51 condones, aids, incites, and/or
17  conspires to practice.

18       d.   *People v. Brian Licea*, San Bernardino County Superior Court Case
19  number MSB21007664. On June 11, 2021 the district attorney's office filed
20  charges against Brian Licea, to include a violation of Penal Code § 602.1 from his
21  participation in the same protest as Plaintiffs on July 31, 2020. He is currently
22  being prosecuted for this and other charges.. The Sheriffs department and its
23  personnel continue to submit police reports to the district attorney's office for
24  prosecution of persons for violation on Penal Code § 602.1 although Section (d) of
25  Penal Code § 602.1 states that the whole section cannot be used against "[a]ny
26  person on the premises who is engaging in activities protected by the California
27  Constitution or the Unites States Constitution." This is a continued threat and
28  intimidation tactic, intended to coerce and prevent this protected class (BLM) from

Complaint for Damages / Jury Demand

1  exercising its right to freedom of speech that the County of San Bernardino and its
2  Sheriffs department and DOE 51 condones, aids, incites, and/or conspires to
3  practice.

4      e.     *People v. Broderick Dunlap*, San Bernardino County Superior Court
5  Case number MSB21007663. On June 11, 2021, the district attorney's office filed
6  charges against Broderick Dunlap, to include a violation of Penal Code § 602.1
7  from his participation in the same protest as Plaintiffs on July 31, 2020. He is
8  currently being prosecuted for this and other charges.. The Sheriffs department
9  and its personnel continue to submit police reports to the district attorney's office
10 for prosecution of persons for violation on Penal Code § 602.1 although Section
11 (d) of Penal Code § 602.1 states that the whole section cannot be used against
12 "[a]ny person on the premises who is engaging in activities protected by the
13 California Constitution or the Unites States Constitution." This is a continued
14 threat and intimidation tactic, intended to coerce and prevent this protected class
15 (BLM) from exercising its right to freedom of speech that the County of San
16 Bernardino and its Sheriffs department and DOE 51 condones, aids, incites, and/or
17 conspires to practice.

18     f.     On July 31, 2020, five additional protestors were arrested and
19 detained for the Penal Code §602.1 violations as well (Janna Alfred, Garey Avery,
20 Analysa Everhart, Erica Quinonez, and Sage Skaggs). They too have not had
21 charges filed against them, but suffered from the same malicious acts inflicted
22 upon the Plaintiffs in this matter by SBSD Deputy defendants DOES 1-50.

23     145.. As a direct and proximate result of the aforesaid acts and omissions of
24 the aforementioned entity and supervisory defendants, Plaintiffs were injured in
25 their health and person. They suffered and will continue to suffer severe mental
26 and physical pain, suffering, anguish, fright, nervousness, anxiety, shock,
27 humiliation, indignity, embarrassment, harm to reputation, and apprehension,
28 which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

31

Complaint for Damages / Jury Demand

146.   As a further direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs incurred other expenses, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

147.   Sheriff McMahon's failure to train and supervise SBSD officers in the constitutional use of force and search and seizure practices and his ratification of the use of force and search and seizure practices upon Plaintiffs, was willful, wanton, malicious and oppressive, and with reckless disregard for, in deliberate indifference to, and with the intent to deprive persons who might come in contact with SBSD Deputies of constitutional rights, and did in fact violate the aforementioned First, Fourth, and Fourteenth Amendment rights of Plaintiffs, entitling Plaintiffs  to exemplary and punitive damages against Sheriff McMahon in an amount to be proven at trial.

148.   It was that failure that was the moving force in the depravation of Plaintiffs' rights against his liberty interest to be free from invasive procedures and seizures.  In the case at bar, the Defendants Deputies felt free to search, seize and use excessive force, and falsely arresting and reporting on Plaintiffs without fear that their acts would receive censure from their department. Indeed, Plaintiffs is informed and believes that those Deputies audio and/or video taped the procedure demonstrating that they felt that their acts were authorized, if not encouraged, by their department, the County of San Bernardino and/or DOE 51. (Or, at the very least would not meet with disapproval, censure or discipline). Thus, this problem, the actions, polices and procedures that led up to the depravation of Plaintiffs' rights were systemic in that department and constituted deliberate indifference by the County to the rights of persons such as Plaintiffs.

## PRAYER

**WHEREFORE**, Plaintiffs requests relief as follows, and according to proof, against each defendant:

CASE OF ACTION I

Declaratory relief

Attorneys fees and costs pursuant to California's Private Attorney General's. Statute

CASE OF ACTION II

Injunctive relief

Attorneys fees and costs pursuant to California's Private Attorney General's. Statute

Cause of Action 3- 10

1.   General and compensatory damages in an amount according to proof;

2.   Special damages in an amount according to proof;

3.   Punitive damages against each individual and DOE defendant, but not against the County of San Bernardino, San Bernardino Sheriff's Department, DOE 51, or Police Sheriff McMahon (unless the Court deems proper pursuant to Govt. Code §815.2), in an amount according to proof;

4.   Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988 and State Provisions Civil Rights Provisions, including California's Bane, Unruh and Ralph Acts; and

6.   Such other relief as may be warranted or as is just and proper.

Dated: September 16, 2021          SCHLUETER LAW FIRM, PC

By:

Peter B. Schlueter, Attorney for
Plaintiffs Kelly Lorenz and Alykhan Popat

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated: September 16, 2021          SCHLUETER LAW FIRM, PC

By:

33

# EXHIBIT 1

000038

1   SUPERIOR COURT
    COUNTY OF SAN BERNARDINO
2   247 West Third Street, Eleventh Floor
    San Bernardino, CA 92415

3

4

5

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN BERNARDINO

10

11  IN RE:                              )   GENERAL ORDER OF THE
                                        )   PRESIDING JUDGE
12  COURT ACCESS                        )

13                                      )

14                                      )

15                                      )

16                                      )

17  ────────────────────────────────────

18      The purpose of this General Order is to ensure the safe and orderly use of court

19  facilities; to minimize activities that unreasonably disrupt, interrupt or interfere with the

20  orderly and peaceable conduct of court business in a neutral forum free of actual or

21  perceived partiality, bias, prejudice or favoritism; to provide for the fair and orderly

22  conduct of hearings and trials; to promote the free flow of pedestrian and vehicular

23  traffic on sidewalks and streets around court facilities; and to maintain proper judicial

24  decorum.

25      The further purpose of this General Order is to facilitate safe and orderly access

26  to courthouse unhindered by threats, confrontation, interference, noise pollution or

27

28

1  harassment that may be directed at court users including, but not limited to, those court

2  users waiting outside a courthouse.

3        This General Order regulates only conduct occurring in and around court

4  facilities without regard to the content of any particular message, opinion, idea or form

5  of speech. The court does not intend to ban all expressive activities from the environs

6  surrounding court facilities and intends this General Order to be construed so as to

7  provide ample alternatives channels for communication of information near but not

8  within court facilities or courthouse grounds. (See, Comfort v. McLaughlin (C.D. Cal

9  2006) 473 F. Supp.2d 1026).

10       WHEREFORE, the Court hereby orders:

11  I.    DEFINITIONS

12       A.    The following definitions apply for the purposes of this General Order:

13             1.    "Prohibited Activity" shall mean any and all of the acts of

14                   demonstrating, picketing, parading, distributing literature or other

15                   materials, soliciting sales or donations, engaging in commercial

16                   activity and engaging in oral or demonstrative protest, education or

17                   counseling.

18             2.    "Walkway" shall mean (a) any corridor, sidewalk or other path of

19                   pedestrian movement directly from the edge of the public sidewalk

20                   nearest an entrance to any building containing a courtroom; (b) any

21                   corridor, sidewalk or other path of pedestrian movement leading

22                   directly from parking lot within the curtilage to an entrance to any

23                   building containing a courtroom; and (c) any corridor or

24                   passageway within a multi-purpose, commercial or private building

25                   that leads directly to the part of the building containing a courtroom.

26             3.    "Curtilage" shall mean any area between any building containing a

27                   courtroom and nearest edge of public sidewalk surrounding the

28

building. It shall not include the area adjacent to that portion of a multi-purpose, commercial or private building that does not contain a courtroom.

4. "Courthouse" shall mean any building containing, at least, one (1) courtroom. It shall also mean that portion of a multi-purpose commercial or private building that contains, at least, one (1) courtroom.

II. PROHIBITIONS

A. No person shall engage in any prohibited activity within a courthouse.

B. No person shall engage in any prohibited activity within the curtilage of a courthouse.

C. No person shall obstruct, harass, impede or interfere with any person entering or leaving a courthouse or with any person waiting in line to enter a courthouse.

D. No person shall approach another person waiting in line to enter a courthouse, within eight (8) feet of the other person, for the purpose of engaging in a prohibited activity unless the other person consents.

E. No person shall engage in any prohibited activity in or near a courthouse with the intent to interfere with, obstruct or impede the administration of justice or with the intent to influence any judge, juror, witness or officer of court in the discharge of their duty.

F. No person shall use amplification equipment to engage in any prohibited activity in a manner that harasses or interferes with any person leaving or entering a courthouse or with any person waiting in line to enter a courthouse.

III.    EXCLUSIONS

This Order shall not apply to authorized court personnel or law enforcement officers in the performance of their official duties.

Section II, (A) and (B), shall not apply to persons engaged in the stationary solicitation of sales as part of any commercial, primarily non-expressive, activity including, but not limited to, the sale of food stuffs, reading materials and sundries in a specific space not dedicated to court functions and expressly authorized by a written lease, space permit, license or other written agreement executed by the Court, County of San Bernardino or the owner of a building containing a courtroom.

IV.    SEVERABILITY

Should any provision of this General Order be held invalid, the validity of the other provisions of this General Order shall not be affected.

V.    COMPLIANCE WITH LAW ENFORCEMENT

It is further ordered that all persons must comply with the lawful requests, directions and orders made by any law enforcement officers and their agents in the performance of their duties while they are on or in the premises of any courthouse.

VI.    NOTICE

It is ordered that this General Order shall be posted at each public entrance to a courthouse and on the Court's webpage, www.sb-court.org. The Sheriff of San Bernardino County and his or her deputies are directed to serve a copy of this General Order on any person who appears to be in violation thereof, to advise the person of the apparent violation and to immediately notify the District Court Manager or Court District Supervisor for that courthouse so the Court can determine what, if any, action should be taken to address the violation.

General Order: Court Access

-4-

VII.   PENALTIES

       Violation of this Order may result in the imposition of sanctions in an amount up

to $1,500 per violation pursuant to the Code of Civil Procedure, section 177.5., and/or

criminal prosecution.

VIII.   EFFECT OF PRIOR ORDERS

       This order is effective January 1, 2020, and supersedes all previous

general orders entitled *Court Access*, issued by previous Presiding Judges. This order

shall remain in effect until December 31, 2021.



Dated this  1st  day of January , 2020.

                                    _____

                                    Michael A. Sachs
                                    Presiding Judge of the Superior Court

# EXHIBIT 2

# SCHLUETER LAW FIRM, PC

ATTORNEYS AT LAW

PETER B. SCHLUETER
454 N. ARROWHEAD AVENUE, 2ND FL
SAN BERNARDINO, CA 92401

VOICE (909) 381-4888
FAX (909) 381-9238
SCHLUETERLAWOFFICE@YAHOO.COM

January 29, 2021

*County of San Bernardino*

**RE:   Govt Tort Claims**
      **Kelly Lorenz**
      **Brodrick Dunlap**
      **Alykhan Popat**

**Dear San Bernardino County**

Please accept the following claims jointly and separately. Facts are described, and apply to each and all of the claimants. The attach citations also identify the incident for each and every claimant. Facts can also be found in the matter of Jaydee Lopez, who was prosecuted but did not suffer any conviction. (MSB 20010944) (Filed 9/1/20- 10/14/20 acquittal) She was acquitted of two counts, with other counts being dismissed. (Final dismissal, 10/30/20) She like the others who here submit claims, were set upon by San Bernardino County deputies because of her and their Black Lives Maters peaceful protests at the Court house. Her failed prosecution was a warning to others about engaging in protected activity at the court house. She wrote to her fellow BLM members and protestors about her perception of the law as taught to her by the deputies who arrested her. The San Bernardino County deputies were wrong in their assertions that she and her fellow prosecutors violated the General Court Order by protesting outside the San Bernardino court house. The facts surrounding her arrest, assertion in her defense, and acquittal are therefore incorporated by reference into Kelly Lorenz, Brodrick Dunlap, and Alykhan Popat's claims. That is, the evidence in her case, also impacts all of the claimants. This includes the following:

| 1 | | S. Strain's Video of Event 07/31/2020 |
|---|---|---|
| 2 | | Det. Noble's Video of Event 07/31/2020 |
| 3 | | Landavazo's Original Crime Report DR 812000037 Re: Avery 08/05/2020 (Who arrested Jaydee Lopez) |
| 4 | | Landavazo's Original Crime Report DR 812000037 Re: Lopez 08/28/2020 [not -approved] |

| 5 | | Landavazo's PC Statement/ Clets re: Lopez 08/28/2020 |
|---|---|---|
| 6 | | F. Harris' Crime Report Supplemantal 12 DR 812000037 re: All Suspects Dated 08/15/2020 |
| 7 | | Landavazo's Supplemental 15 to DR812000037 [DA to Provide] |
| 8 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 9 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 10 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 11 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 12 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 13 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 14 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 15 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 16 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 17 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 18 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 19 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 20 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |
| 21 | | Landavazo/ Conley Text Message Screenshots re Suspect Identities. |

| 22 | | Cruz's Crime Report re: Lopez Supplemental 16 to DR812000037 dated 08/31/2020 |
|----|--|----|
| 23 | | Supplemental 17 to DR812000037 [DA to Provide] |
| 24 | | Landavazo's Original Crime Report to DR 802000037 [Explanation of DR Mishap and transfer of reports] |
| 25 | | S. Torrez's Crime Report - Supplemental 002 to DR 802000037 [DA to produce complete supp] |
| 26 | | McDaniel's Crime Report - Supplemental 002 to DR 802000037 - Explanation of Digital Evidence Collected |
| 27 | | Supplemental 004 to DR802000037 [DA to Provide] |
| 28 | | Supplemental 005 to DR802000037 [DA to Provide] |
| 29 | | F. Harris' Crime Report - Supplemental 018 to DR 802000037 |
| 30 | | Cruz's Crime Report - Supplemental 021 to DR 802000037 |
| 31 | | S. Torrez Supploemental 024 to DR 802000037 |
| 32 | | McDaniel's Crime report Supplemental 025 from DR 802000037 Description of Discovery requested / Facebook Posts by JAYDEE Attached |
| 33 | | CAD 07/31/2020 Incident # SP202130003 Special Event |
| 34 | | CAD 07/31/2020 Incident # SP202130003 Special Event |
| 35 | | CAD 07/31/2020 Incident # SB202130020 PC 69 351 Arrowhead |
| 36 | | CAD 07/31/2020 Incident # SB202130020 PC 69 351 Arrowhead |
| 37 | | CAD 07/31/2020 Incident # SB202130020 PC 69 351 Arrowhead |
| 38 | | CAD 07/31/2020 Incident # SB202130020 PC 69 351 Arrowhead |
| 39 | | CAD 08/28/2020 Incident # SB202410002 Misd. 23110 247 W 3rd |

| 40 | | PETS Property Search Results DR 802000037 |
|---|---|---|
| 41-50 | | [Skipped] |
| 51 | | Landavazo's Belt Recording of 07/31/2020 incident - Part 1 |
| 52 | | Landavazo's Belt recording of 07/31/2020 incident - Part 2 |
| 53 | | McDaniel's Belt Recording on 07/31/2020 Incident - Part 1 |
| 54 | | McDaniel's Belt Recording on 07/31/2020 Incident - Part 2 |
| 55 | | Kleveno's Belt Recording on 07/31/2020 Incident |
| 56 | | Robert's Belt Recording on 07/31/2020 Incident |
| 57 | | Rogoff's Belt Recording on 07/31/2020 Incident |
| 58 | | Ruetgen's Belt Recording on 07/31/2020 Incident |
| 59 | | Villegas' Belt Recording on 07/31/2020 Incident |
| 60 | | Cruz's Belt recording of Traffic Stop with Lopez 08/28/2020 - Part 1 |
| 61 | | Cruz's Belt recording of Traffic Stop with Lopez 08/28/2020 - Part 1 |
| 62 | | Cruz's Belt recording of Traffic Stop with Lopez 08/28/2020 - Playlist |
| 63 | | Landavazo's Interview of Lopez at Court Services on 08/28/2020 |
| 64 | | Strangextruth 07/31/2020 video posted on social media "RPReplay_Final 1596475927" |

Kelly Lorenz, Brodrick Dunlap, Alykhan Popat, (as well as Jaydee Lopez) never more cite or use the San Bernardino General Court Order against any protestors, or otherwise assert that violation of the court order is a violation of Penal Code 166.4.

Sincerely,



**SCHLUETER LAW FIRM, PC**

Peter Schlueter

"CARING PROFESSIONALS FOR YOUR LEGAL NEEDS"

## CLAIM AGAINST COUNTY OF SAN BERNARDINO
### (CLAIM FORM MUST BE FILLED OUT PROPERLY OR CLAIM WILL BE RETURNED WITHOUT FILING)

**DATE:** January 29, 2021

Claim is hereby made against the treasury of the County of San Bernardino, State of California, as follows:

- Less than $10,000 – State the total amount claimed $ _____
- More than $10,000 – Check one of the boxes:
  - ☐ Municipal Court Jurisdiction ($10,000 - $25,000)     ☑ Superior Court Jurisdiction ($25,001 and up)

Claimant makes the following statements in support of the claim:

1. Name of Claimant:     KELLY      LORENZ    contact attorney.

      _First_       _Middle_       _Last_       _(Area Code and Phone No.)_

2. Address of Claimant:    contact attorney.

      _Street_       _City_       _Zip Code_

      Gender: __ Male ✓ Female    Date of Birth: ▉▉▉    SS#: contact attorney.

      ***(The Information Requested Is Mandatory If Presenting a Claim for Bodily Injury)***

3. Notices concerning claim should be sent to:

      _Name_       _Address_       _Zip Code_       _(Area Code and Phone No.)_

4. Circumstances giving rise to claim are as follows: SEE ATTACHED.

5. Date, Time and Place (city, street, cross-street) damage occurred and nature thereof: SEE ATTACHED.

6. Public property and/or public officers or employees causing injury, damage or loss:
      SEE ATTACHED.

7. Name, address and telephone number of witnesses: SEE ATTACHED.

8. Basis of computation of claimed amount is as follows:    SEE ATTACHED.

      Medical expenses to date _____       Loss wages _____
      Estimated future medical expenses _____       General damages _____
      Other expenses _____       Property damage _____
      Other damages _____

      _Claimant or Representative (Signature)_

**RETURN COMPLETED FORM TO:**
Risk Management Division – County of San Bernardino, State of California
222 W. Hospitality Lane, 3rd Floor
San Bernardino, CA 92415-0016

Office: (909) 386-8831
Fax: (909) 382-3212

Revised 9-2011

# SCHLUETER LAW FIRM, PC

**ATTORNEYS AT LAW**

PETER B. SCHLUETER
454 N. ARROWHEAD AVENUE, 2ND FL
SAN BERNARDINO, CA 92401

VOICE (909) 381-4888
FAX (909) 381-9238
SCHLUETERLAWOFFICE@YAHOO.COM

January 29, 2021

*Via FedEx.*
Risk Management Division
County of San Bernardino, State of California
222 W Hospitality Ln, 3rd Fl
San Bernardino, CA 92415-0016

## GOVERNMENT TORT CLAIM

Against: The San Bernardino County Sheriff's Department and the
San Bernardino County
Date of incident: July 31, 2020
Place of incident: Superior Court of California, County of San Bernardino
247 West Third Street
San Bernardino, CA 92415-0210
Claimant: Kelly Lorenz

I am Kelly Lorenz. I support Black Lives Matter and I have marched in solidarity
with Black Lives Matter, Inland Empire. I have been concerned about the justice
system and how people, not just African Americans have been treated by the
system.

On July 31, 2020, I wanted to be heard. I participated in a non-violent protest at
the Superior Court in downtown San Bernardino.

I did not block any entrances. I did not threaten any person entering or exiting the
courthouse. I peacefully made my concerns known. I was arrested and told by San
Bernardino County Deputies that it was unlawful to protest at the courthouse. I
was told that a general court order forbade all protests on the court grounds.
Nevertheless, I was detained, arrested, and cited along with other protestors for
trespassing in violation of Penal Code 602.1.

I and other protestors were told that it is a criminal offense and a violation of a
court order to protest. To date that court order is still being enforced.

I have subsequently determined that that court order is invalid as used by the
deputies. (I use the term I to include attorneys knowledge.)

"CARING PROFESSIONALS FOR YOUR LEGAL NEEDS"

**000050**

GOVERNMENT TORT CLAIM - KELLY LORENZ
January 29, 2021
Page 2 of 4

---

Nonetheless, the threat of arrest has caused a chill to our protests. And since then, no other protests have occurred at the courthouse to my knowledge.

The deputies and the department must know this is an invalid court order because they issued a ticket for trespassing in violation of Penal Code section 602.1(b). However, section (d) of that provision states that the whole section **cannot** be used against "[a]ny person on the premises who is engaging in activities protected by the California Constitution or the Unites States Constitution."

Moreover, the state has a specific statute related to protests on court grounds. This statute occupies the field and declares that a protest on court grounds is only unlawful if it is done with the "intent to interfere with, obstruct, or impede the administration of justice or with the intent to influence any judge, juror, witness, or officer of the court in the discharge of his duty." I did none of that. As such no probable cause for my arrest and certainly no lawful reason to have and continue to suppress my speech. I want to be heard.

To date the district attorney has not sought to prosecute me. If a case were pursued it would be done maliciously, and without the benefit of probable cause.

At the very least I want it to be known that I am filing this Claim in protest of the extraordinary acts that the sheriff's department has taken to stop my voice and the voice of others. I am deeply concerned with the past struggles, the present hardships, and the future hope that we can help create a better tomorrow.

I was subjected to false imprisonment, false arrest, negligence in how the enforcement came about. Moreover, I am not aware that any other arrests occurred to any other group, save for Black Lives Mattes.  It leads me to believe that the impetus for taking illegal actions was not just to stop lawful protests, and the exercise of my right to do so guaranteed by the California and U S Constitution, but the decisions to stop the protest, interfere with my rights, arrests me, detain me, and cite me, was based upon the cause for which I stand and the color of the skin of those who stand with me.  (Actions by State actors are in violation of the Unruh Civil Rights Act, Bane Act and Ralph Act. For the force and Battery and unlawful touching taking me into custody and for the wrongful detention and detaining me against my will during the process, False imprisonment, false arrest, and in violation of Civ Code 52.1, et seq)

GOVERNMENT TORT CLAIM - KELLY LORENZ
January 29, 2021
Page 3 of 4

This document is a conglomeration created for and by me, and I do not pretend to own every word. It is through this document that represents my claim.

**Damages:**
To be determined at trial or by a jury (hopefully) of my peers.

**WITNESSES:**
<u>Arresting Deputies</u>
1.        F. Harris

<u>Other Involved Deputies</u>

| | | | | | |
|---|---|---|---|---|---|
| 2. | L. Arroyo | 22. | T. Rogoff | 38. | R. Boyd |
| 3. | J. Snow | 23. | T. James | 39. | A. Alcala |
| 4. | K. Ferber | 24. | S. Brown | 40. | R. Alfaro |
| 5. | S. Stain | 25. | J. Estrada | 41. | J. Gregory |
| 6. | D. Cruz | 26. | J. Fisk | 42. | R. Bentacu |
| 7. | M. Landavazo | 27. | D. Tuiteleleapaga | 43. | Z. Rugge |
| 8. | D. Maddox | | | 44. | C. Newcombe |
| 9. | J. McDaniel | 28. | C. Deveau | 45. | T. Bolin |
| 10. | T. Kleveno | 29. | C. Lovelace | 46. | P. Gentry |
| 11. | M. Battisti | 30. | B. Lopez | 47. | S. Bennett |
| 12. | V. Lopez | 31. | B. Devault | 48. | S. Torrez |
| 13. | J. Frias | 32. | B. Robinson | 49. | L. Grissom |
| 14. | G. Argueta | 33. | M. Brandt | 50. | J. Deen |
| 15. | T. Barkley | 34. | R. Weddel | 51. | Angelica Juarez |
| 16. | B. Devault | 35. | J. Phillips | 52. | Lisa Ramirez |
| 17. | F. Arreola | 36. | Dep. D. Ferris | 53. | Noble |
| 18. | A. Villegas | 37. | M. Griffith | | |
| 19. | I. Wawelo | | | | |
| 20. | T. Roberts | | | | |
| 21. | W. Reutgen | | | | |

<u>Non-Deputy Witnesses</u>
54.    Avery Brian Garey
55.    Jaydee Lynn Lopez
56.    Yoselin Cristina Saucedo
57.    Sage Richard Skaggs
58.    Erika Sarai Tirado Quinonez

GOVERNMENT TORT CLAIM - KELLY LORENZ
January 29, 2021
Page 4 of 4

59.   Janna Alfred
60.   Donava Richard Caver
61.   Analysa Maria Everhart
62.   Kelly Megan Lorenz
63.   Alykhan Popat
64.   Brian Licea

Sincerely,
**SCHLUETER LAW FIRM, PC**

Peter Schlueter

County of San Bernardino Sheriff's Dept. ☒MISDEMEANOR  4121176

## NOTICE TO APPEAR   ☐ Traffic ☐ Nontraffic

| Date of Violation | Time | ☒ AM | Day of Week | Case No. |
|---|---|---|---|---|
| 7 /31 /20 | 0950 | ☐ PM | S M T W T ⓕ S | 81200037 |

Name (First, Middle, Last) ☐ Owner's Responsibility (Veh. Code, § 40001)
KELLY , MEGAN , LORENZ

Address

| City | | State | ZIP Code | E-mail Address |
|---|---|---|---|---|

| Driver Lic. No. | | State | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|---|

| Sex | Hair | Eyes | Height | Weight | Race | ☐ Juvenile (Phone No.) |
|---|---|---|---|---|---|---|
| F | BRN | BRN | 55 | 160 | WHITE | |

| Veh. Lic. No. or VIN | State | Reg. MO/YR | ☐ COMMERCIAL VEHICLE (Veh. Code, § 15210(b)) |
|---|---|---|---|

| Yr. of Veh. | Make | Model | Body Style | Color | ☐ HAZARDOUS MATERIAL (Veh. Code, § 353) |
|---|---|---|---|---|---|

Evidence of Financial Responsibility

Registered Owner or Lessee                              ☐ Same as Driver

Address                                                   ☐ Same as Driver    PED

| City | State | ZIP Code |
|---|---|---|

Correctable Violation (Veh. Code, § 40610)  ☐ Booking Required (see reverse)   Misdemeanor or Infraction (circle)

| Yes | No | Code and Section | Description | |
|---|---|---|---|---|
| ☐ | ☒ | PC 602.1(b) OBSTRUCT PUBLIC BUSINESS | Ⓜ | 1 |
| ☐ | ☐ | | M | I |
| ☐ | ☐ | | M | I |

| Speed Approx. | P.F./Max Spd. | Veh. Lmt. | Safe | Radar | ☐ Continuation Form Issued | N |
|---|---|---|---|---|---|---|

Location of Violation(s)                     City/County of Occurrence   W     E

at 247 W 3RD ST, SAN BERNARDINO, CA

Circumstances (Weather, Road & Traffic Conditions)          ☐ Accident    S

☐ Violations not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

| Executed at (place) | Violation Location | HCAR |
|---|---|---|
| 7/31/20 | JF FISK J FISK | TI0870 |

| Dec. Date | Arresting or Citing Officer | Serial No. | Draw Off |
|---|---|---|---|
| 7/31/20 | F. HARRIS | T3078 | |

| Dec. Date | Name of Arresting Officer, if different from Citing Officer | Serial No. | Dates Off |
|---|---|---|---|

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.
X Signature _Kllm_

WHEN:  ON OR BEFORE THIS DATE 10/01/20  Time 0900  ☐AM ☐PM

WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE

WHERE:  COURT: SB SUP
ADDRESS: 247 W. 3RD ST
PHONE: SAN BERNARDINO, CA

☐ To be notified by Juvenile Court, Traffic Division.
☐ You may arrange with the clerk to appear at a night session of the court.

4121176

*  4 1 2 1 1 7 6  *

COURT COPY

Arizona Council of California dept. By CAPS 12 (Rev. Code, §) 40500-H, 40520, 40522, 40526 Pen Code, § 853.9) ... © 2018. All rights reserved. — 0037

000039

000054

## CLAIM AGAINST COUNTY OF SAN BERNARDINO
### (CLAIM FORM MUST BE FILLED OUT PROPERLY OR CLAIM WILL BE RETURNED WITHOUT FILING)

**DATE:** January 29, 2021

Claim is hereby made against the treasury of the County of San Bernardino, State of California, as follows:

- Less than $10,000 -- State the total amount claimed $ _____
- More than $10,000 -- Check one of the boxes:
  ☐ Municipal Court Jurisdiction ($10,000 - $25,000)   ☑ Superior Court Jurisdiction ($25,001 and up)

Claimant makes the following statements in support of the claim:

1. Name of Claimant: **ALYKHAN** _____ **POPAT** _____ contact attorney.
   _____First_____ _____Middle_____ _____Last_____ (Area Code and Phone No.)

2. Address of Claimant: contact attorney.
   _____Street_____ _____City_____ _____Zip Code_____

   Gender: ✓ Male ___ Female   Date of Birth: ▮▮▮▮   SS#: contact attorney.
   ***(The Information Requested is Mandatory if Presenting a Claim for Bodily Injury)***

3. Notices concerning claim should be sent to: _____

   _____Name_____ _____Address_____ _____Zip Code_____ (Area Code and Phone No.)

4. Circumstances giving rise to claim are as follows: SEE ATTACHED.
   _____
   _____
   _____
   _____

5. Date, Time and Place (city, street, cross-street) damage occurred and nature thereof: SEE ATTACHED.
   _____
   _____

6. Public property and/or public officers or employees causing injury, damage or loss:
   SEE ATTACHED.
   _____

7. Name, address and telephone number of witnesses: SEE ATTACHED.
   _____

8. Basis of computation of claimed amount is as follows: SEE ATTACHED.

   Medical expenses to date _____   Loss wages _____
   Estimated future medical expenses _____   General damages _____
   Other expenses _____   Property damage _____
   Other damages _____

   _____
   Claimant or Representative (Signature)

**RETURN COMPLETED FORM TO:**
Risk Management Division -- County of San Bernardino, State of California
222 W. Hospitality Lane, 3rd Floor
San Bernardino, CA 92415-0016

Office: (909) 386-8831
Fax: (909) 382-3212

Revised 9-2011

# SCHLUETER LAW FIRM, PC

**ATTORNEYS AT LAW**

PETER B. SCHLUETER
454 N. ARROWHEAD AVENUE, 2ND FL
SAN BERNARDINO, CA 92401

VOICE (909) 381-4888
FAX (909) 381-9238
SCHLUETERLAWOFFICE@YAHOO.COM

January 29, 2021

*Via FedEx.*
Risk Management Division
County of San Bernardino, State of California
222 W Hospitality Ln, 3rd Fl
San Bernardino, CA 92415-0016

## GOVERNMENT TORT CLAIM

Against:            The San Bernardino County Sheriff's Department and the
                    San Bernardino County
Date of incident:   July 31, 2020
Place of incident:  Superior Court of California, County of San Bernardino
                    247 West Third Street
                    San Bernardino, CA 92415-0210
Claimant:           Alykhan Popat (

I am Alykhan Popat. I am an advocate with Black Lives Matter Inland Empire. I
have been concerned about the justice system and how people, not just African
Americans have been treated by the system.

On July 31, 2020, I wanted to be heard. I participated in a non-violent protest at
the Superior Court in downtown San Bernardino.

I did not block any entrances. I did not threaten any person entering or exiting the
courthouse. I peacefully made my concerns known. I was arrested and told by San
Bernardino County Deputies that it was unlawful to protest at the courthouse. I
was told that a general court order forbade all protests on the court grounds.
Nevertheless, I was detained, arrested, and cited along with other protestors for
trespassing in violation of Penal Code 602.1.

I and other protestors were told that it is a criminal offense and a violation of a
court order to protest. To date that court order is still being enforced.

I have subsequently determined that that court order is invalid as used by the
deputies. (I use the term I to include attorneys.)

"CARING PROFESSIONALS FOR YOUR LEGAL NEEDS"

**000056**

GOVERNMENT TORT CLAIM - ALYKHAN POPAT
January 29, 2021
Page 2 of 4

Nonetheless, the threat of arrest has caused a chill to our protests. And since then, no other protests have occurred at the courthouse to my knowledge.

The deputies and the department must know this is an invalid court order because they issued a ticket for trespassing in violation of Penal Code section 602.1(b). However, section (d) of that provision states that the whole section **cannot** be used against "[a]ny person on the premises who is engaging in activities protected by the California Constitution or the Unites States Constitution."

Moreover, the state has a specific statute related to protests on court grounds. This statute occupies the field and declares that a protest on court grounds is only unlawful if it is done with the "intent to interfere with, obstruct, or impede the administration of justice or with the intent to influence any judge, juror, witness, or officer of the court in the discharge of his duty." I did none of that. As such there is no probable cause for my arrest and certainly no lawful reason to have and continue to suppress my speech. I want to be heard.

To date the district attorney has not sought to prosecute me. If a case were pursued it would be done maliciously, and without the benefit of probable cause.

At the very least I want it to be known that I am filing this Claim in protest of the extraordinary acts that the sheriff's department has taken to stop my voice and the voice of others. I am deeply concerned with the past struggles, the present hardships, and the future hope that we can help create a better tomorrow.

I was subjected to false imprisonment, false arrest, negligence in how the enforcement came about. Moreover, I am not aware that any other arrests occurred to any other group, save for Black Lives Matter. It leads me to believe that the impetus for taking illegal actions was not just to stop lawful protests, and the exercise of my right to do so guaranteed by the California and U S Constitution, but the decisions to stop the protest, interfere with my rights, arrest me, detain me, and cite me, was based upon the cause for which I stand and the color of my skin. (Actions by State actors are in violation of the Unruh Civil Rights Act, Bane Act and Ralph Act. For the force and Battery and unlawful touching taking me into custody and for the wrongful detention and detaining me against my will during the process, False imprisonment, false arrest, and in violation of Civ Code 52.1, et seq)

GOVERNMENT TORT CLAIM - ALYKHAN POPAT
January 29, 2021
Page 3 of 4

This document is a conglomeration created for and by me, and I do not pretend to own every word. It is through this document that represents my claim.

**Damages:**
To be determined at trial or by a jury (hopefully) of my peers.

**WITNESSES:**
Arresting Deputies
1.        J. Fisk

Other Involved Deputies

| | | |
|---|---|---|
| 2.  D. Cruz | 22.  T. Rogoff | 38.  R. Boyd |
| 3.  J. Snow | 23.  T. James | 39.  A. Alcala |
| 4.  K. Ferber | 24.  S. Brown | 40.  R. Alfaro |
| 5.  S. Stain | 25.  J. Estrada | 41.  J. Gregory |
| 6.  L. Arroyo | 26.  M. Landavazo | 42.  R. Bentacu |
| 7.  T. Kleveno | 27.  D. | 43.  Z. Rugge |
| 8.  D. Maddox | Tuiteleleapaga | 44.  C. Newcombe |
| 9.  J. McDaniel | 28.  C. Deveau | 45.  T. Bolin |
| 10.  F. Harris | 29.  C. Lovelace | 46.  P. Gentry |
| 11.  M. Battisti | 30.  B. Lopez | 47.  S. Bennett |
| 12.  V. Lopez | 31.  B. Devault | 48.  S. Torrez |
| 13.  J. Frias | 32.  B. Robinson | 49.  L. Grissom |
| 14.  G. Argueta | 33.  M. Brandt | 50.  J. Deen |
| 15.  T. Barkley | 34.  R. Weddel | 51.  Angelica Juarez |
| 16.  B. Devault | 35.  J. Phillips | 52.  Lisa Ramirez |
| 17.  F. Arreola | 36.  Dep. D. Ferris | 53.  Noble |
| 18.  A. Villegas | 37.  M. Griffith | |
| 19.  I. Wawelo | | |
| 20.  T. Roberts | | |
| 21.  W. Reutgen | | |

Non-Deputy Witnesses
54.    Avery Brian Garey
55.    Jaydee Lynn Lopez
56.    Yoselin Cristina Saucedo
57.    Sage Richard Skaggs
58.    Erika Sarai Tirado Quinonez

GOVERNMENT TORT CLAIM - ALYKHAN POPAT
January 29, 2021
Page 4 of 4

59.  Janna Alfred
60.  Donava Richard Caver
61.  Analysa Maria Everhart
62.  Kelly Megan Lorenz
63.  Alykhan Popat
64.  Brian Licea

Sincerely,
**SCHLUETER LAW FIRM, PC**

Peter Schlueter

San Bernardino County Sheriff's Department

**ARREST/BOOKING APPLICATION**

| | | |
|---|---|---|
| Booking No. | DR/Case No. | |
| Date/Time Booked | Arresting Agency SBSD | |
| SSN | Date of Arrest 7/31/10 | |
| DL/ID No. E2674073   State CA | Time of Arrest 0830 |

Name: Last **POPAT**   First **ALIKHAN**

| Sex M | DOB | Age | HGT 5'8 | WGT 60 | Eye BRN | Hair BRN |
|---|---|---|---|---|---|---|

Clothing Description: **BLUE SHIRT   BLUE JEANS**

Place of Arrest: **SAN BERNARDINO SHERIFF DEPT**

| Type | Charge | Detention | Court | Warrant No. | Bail |
|---|---|---|---|---|---|
| 5 | PC 602(K) | | | | |

Special Instructions and Mandatory Information

**Emergency Notification**

Amount of Money $43.27

Arresting Officer: **FOX**

Transporting Officer: **FOX**

Agency: **SBSD**

TATTOOS/SCARS

Additional Comments

000146

000060

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Peter B. Schlueter - SBN 115880, SCHLUETER LAW FIRM, PC<br>454 N Arrowhead Ave, 2nd Fl, San Bernardino, CA 92401<br><br>TELEPHONE NO.: 909.381.4888    FAX NO. *(Optional):* 909.381.9238<br>E-MAIL ADDRESS: schlueterlawoffice@yahoo.com<br>ATTORNEY FOR *(Name):* Plaintiffs Kelly Lorenz and Alykhan Popat | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>**SEP 16 2021**<br><br>BY _____<br>DEBRA PEDROSA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino Justice Center

COPY

CASE NAME:
Kelly Lorenz, Alykhan Popat v. Superior Court of California for San Bernardino County et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2126780 |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[X] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary; [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* no. 1.Declaratory Relief; 2.Injunctive Relief; 3.Excessive UoF; 4. 1st Amend. Rights Violation- Freedom of Speech; 5.Cal.Constitutional Rights Violation Art 1; 6.IIED; 7.NIED; 8.Bane/Unruh Act (CalCiv§ 52.1); 9.Ralph Act (CalCiv§ 51.7); 10.Deprivation Civil Rights (42 U.S.C. § 1983)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 16, 2021

Peter B. Schlueter
_____          ▶          _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

000061

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Kelly Lorenz, Alykhan Popat,

Case No. CIV SB 2 1 2 6 7 8 0

vs.                     COPY      **CERTIFICATE OF ASSIGNMENT**

Superiour Court of California et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Central _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General                    ☐ Collection
**Nature of Action**          **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Civil Rights | The injury occurred within the district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Address of incident                                      247 West Third Street
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                    ADDRESS

San Bernardino                California                92415
CITY                          STATE                     ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on September 16, 2021 at San Bernardino, California _____, California.

_____
Signature of Attorney/Party

Form # 13-16503-360              CERTIFICATE OF ASSIGNMENT              Rev. June 2019
Mandatory Use



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Lorenz et al -v- Superior Court of Cafiorina for San Bernardino County et ai | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2126780 |

Schlueter Law Firm PC
454 North Arrowhead Avenue
2nd Floor
San Bernardino CA 92401

This case has been assigned to: Wilfred J Schneider, Jr. in Department S32 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 04/20/2022 at 8:30 AM in Department S32 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 10/22/2021

Nancy CS Eberhardt, Court Executive Officer

By: _____
Debra Pedrosa, Deputy Clerk

---

**CERTIFICATE OF SERVICE**

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 10/22/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 10/22/2021 at San Bernardino, CA.

By: _____
Debra Pedrosa, Deputy Clerk



# Alternative Dispute Resolution

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, landlord tenant, civil, family law, probate case with a trained mediator.  The Inland Fair Housing and Mediation Board (IFHMB) provides in-person services for all case types listed above.   These services are available for the following court locations:

- San Bernardino Historic

- San Bernardino Justice Center

- Barstow

- Fontana

- Joshua Tree

Using ADR to resolve disputes can:

◊ Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.

◊ Save money on attorney's fees, fees for expert witnesses and other expenses.

◊ More control over the outcome.  In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury. Also, it can create solutions that go beyond what the court can do.

Revised 7/1/2021